This is an appeal from the denial of a petition for post-conviction relief. The petition was filed on June 20, 1989, after this Court had affirmed without opinion the petitioner's conviction, Grant v. State, 550 So.2d 1088
(Ala.Cr.App. 1989), but while that case was still pending on application for rehearing before this Court. This Court issued a certificate of judgment in that case on July 18, 1989.
The denial of the petition is dismissed because the petition was filed while the appeal of the underlying conviction was still pending in an appellate court. Hightower v. State,410 So.2d 442, 443 (Ala.Cr.App. 1981). In Brown v. State, 250 Ala. 444,447, 35 So.2d 518, 521 (1948), the Alabama Supreme Court stated:
 "We think the petition to the circuit court for the writ [of error coram nobis] was properly dismissed because that court had no jurisdiction to hear it while the appeal was pending and undisposed of, though the motion to dismiss did not assign that as a ground. If that court had no jurisdiction of the subject matter at that time, the dismissal was not erroneous."
Under Rule 20, A.R.Cr.P.Temp., it is apparent that an appellant/petitioner should not be able to seek both appellate and post-conviction relief at the same time. "[C]ases dealing with the writ of error coram nobis may be used in interpreting Rule 20." Ex parte Lockett, 548 So.2d 1045, 1047 (Ala. 1989).
The judgment of the circuit court dismissing the petition is dismissed for the reasons stated in this opinion; but that judgment is modified to provide that the dismissal shall be without prejudice to the right of the petitioner to file a new petition in the circuit court. Brown, 250 Ala. at 447,35 So.2d at 521.
APPEAL DISMISSED.
All the Judges concur. *Page 1147