McMILLAN, Judge.
The defendant was convicted of theft of property in the second degree and was sentenced as a habitual offender to 25 years in the penitentiary. His conviction was affirmed by this Court without opinion, Grant v. State, 550 So.2d 1088 (Ala.Cr.App.1989), on May 26, 1989. On June 14, 1989, he filed a Rule 20, Ala.R.Cr.P., Temp., petition, which thereafter was denied by the Circuit Court of Marengo County. He appealed the denial to this Court, which dismissed the appeal because the petition had been filed while the direct appeal of the underlying conviction was still pending on application for remand. Grant v. State, 565 So.2d 696 (Ala.Cr.App.1990). On September 18, 1990, the appellant filed the instant Rule 20 petition, which was dismissed by the trial court as successive.
The State contends that the trial court’s dismissal of the petition is erroneous and that this matter should be remanded for an evidentiary hearing. This Court’s opinion concerning the first Rule 20 petition specifically stated that “[t]he judgment of the circuit court dismissing the petition ... is modified to provide that the dismissal shall be without prejudice to the right of the petitioner to file a new petition in the circuit court.” Grant v. State, 565 So.2d at 697 (Ala.Cr.App.1990). Therefore, this cause is due to be remanded for an eviden-tiary hearing without regard to the previous Rule 20 petition. The trial court should return its findings within 90 days.
REMAÑDED WITH INSTRUCTIONS.
All the Judges concur.