The appellant, Bennie Barnes, appeals from the circuit court's "denial" of his second Rule 32, A.R.Cr.P., petition, in which he contested his 1989 conviction for trafficking in cocaine and his resulting sentence of 15 years' imprisonment and fine of $50,000. We find the following chronology helpful in sifting through the procedural quagmire presented by this case:
 April 11, 1991: Barnes's conviction and sentence were affirmed by this court in an unpublished memorandum decision, Ms. 90-563. 586 So.2d 297.
April 17: Barnes filed his first Rule 32 petition.
 April 25: This petition was summarily denied on the circuit court's finding that the petition's "claims regarding ineffective assistance of counsel and illegal search are procedurally barred by the pendency of his appeal, since both claims could be presented to the Appellate Courts" and, also, the circuit court found that "[a]s a further ground for dismissal, the motion does not state a claim for ineffective assistance." Barnes subsequently appealed from this ruling.
 April 29: This court issued a certificate of judgment in the appeal of Barnes's conviction and sentence.
 August 12: Barnes filed a second Rule 32 petition, which the circuit court treated as an attempt to amend his first petition. This second petition is the subject of this appeal.
 August 19: The appeal of the circuit court's denial of Barnes's first Rule 32 petition was dismissed by this court pursuant to Barnes's motion, Ms. 90-713. 587 So.2d 1108.
In response to Barnes's second petition, the circuit court issued the following order on August 21: "I have denied the motion to refile the motion for Rule 32 relief. The motion to dismiss the appeal [presumably of Barnes's first petition] lies within the Court of Criminal Appeals' jurisdiction and I have therefore struck it in this Court." Thereafter, Barnes filed a response to this order, a motion in response to the prosecution's response, and two motions to amend or supplement his petition. On August 29, the circuit court issued the following order:
 "I entered a final order denying the Defendant's Rule 32 motion on April 25, 1991 [, the denial of Barnes's first petition]. He subsequently appealed, then procured a voluntary dismissal of his appeal. I have again considered his motions to amend his Rule 32 motion and find they are procedurally barred. More than 30 days have elapsed since the denial of relief, so this Court lacks jurisdiction to allow the amendment. Alternatively, the filing of an amended Rule 32 petition does not substitute for an appeal of my original ruling. I have therefore denied him leave to file the amended motions."
We disagree with the circuit court's finding that it could not accept what we consider to be Barnes's second petition on the ground that, as an amendment filed more than 30 days after denial of relief of Barnes's first petition, it was untimely. This second petition followed the required form prescribed by Rule 32.6(a) and was complete in itself. If we were to adopt the circuit court's finding, a second petition could never be entertained and, consequently, there would be no need for the successive petition procedural bar encompassed in Rule 32.2(b).
Thus, the question before us is whether the circuit court has jurisdiction to entertain a second petition filed while an appeal of a first petition was pending. We have recently addressed this question in Besselaar v. State, 600 So.2d 980
(Ala.Cr.App. 1992). There, the petitioner filed a second petition for post-conviction relief while the appeal of his first petition was pending in the Alabama Supreme Court. Thereafter, the case involving the first petition was remanded to the circuit court for an evidentiary hearing. In affirming the circuit court's denial of the petitioner's second petition, this court held: "Because the appeal regarding the appellant's first petition was *Page 331 
still pending in an appellate court when he filed the second petition, and because the first petition is presently pending in the circuit court, this cause is hereby dismissed based on the authority of Grant v. State, 565 So.2d 696 (Ala.Cr.App. 1990)." Id. at 981.
Grant v. State determined the question of whether a petition for post-conviction relief can be entertained in the circuit court while an appeal of the petitioner's conviction is pending. The Grant court dismissed the appeal of a Rule 20, A.R.Cr.P.Temp., petition that had been filed in the circuit court after the appellate court had affirmed without opinion his conviction but before the certificate of judgment was issued. In so doing, the court relied on the following language of Brown v. State, 250 Ala. 444, 447, 35 So.2d 518, 521 (1948):
 "We think the petition to the circuit court for the writ [of error coram nobis] was properly dismissed because that court had no jurisdiction to hear it while the appeal was pending and undisposed of, though the motion to dismiss did not assign that as a ground. If that court had no jurisdiction of the subject matter at that time, the dismissal was not erroneous."
565 So.2d at 697. The Grant court accordingly held, "Under Rule 20, A.R.Cr.P.Temp., it is apparent that an appellant/petitioner should not be able to seek both appellate and post-conviction relief at the same time." Id. See also Hart v. State,547 So.2d 1195 (Ala.Cr.App. 1989); Gibson v. State, 547 So.2d 1196
(Ala.Cr.App. 1989).
In Brown v. State, upon which the Grant court relied, the Alabama Supreme Court, in holding that the circuit court did not have jurisdiction to entertain a petition for a writ of error coram nobis that was filed while the direct appeal was pending, relied in part on § 368, Title 15, Code of 1940, which provided that "the trial court shall retain jurisdiction of the cause [after a direct appeal has been taken] for purpose of hearing and determining a motion for a new trial, seasonably made. . . ." The court reasoned that since the statute did "not reserve the right also to act on a petition for a writ of error coram nobis, that right [was] suspended pending the appeal. . . ." 250 Ala. at 446, 35 So.2d at 519.
The limitation of the trial court's jurisdiction encompassed in § 368, Title 15, Code of 1940, has been carried forward in §12-22-133, Code of Alabama 1975, which reads as follows:
 "Where an appeal is taken from the judgment of any municipal, district or circuit court in criminal cases, the trial court retains jurisdiction for the purpose of granting a motion for a new trial and also retains jurisdiction for the purpose of enforcing its judgment where the appeal is dismissed before the judgment of the appellate court is entered."
In light of Brown and § 12-22-133, we consider that, because it lacks jurisdiction, a circuit court is barred from entertaining a Rule 32 petition while an appeal of the conviction is pending; Rule 32 cannot confer such jurisdiction, see Ex parteWard, 540 So.2d 1350, 1351 (Ala. 1988) (wherein the Alabama Supreme Court held that its authority to promulgate and effectuate rules is limited by the principle that a rule of court cannot enlarge jurisdiction).
However, it would appear that, under the Alabama Rules of Criminal Procedure, a petitioner can file a Rule 32 petition even though his appeal of his conviction is pending. Rule 32.6 states, without any qualification except the rule's limitations period, "A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c))." (Emphasis added.) Rule 32.6(c) provides the following: "Notification of Appellate Court: If an appeal of the petitioner's conviction is pending, the clerk shall also promptly send a copy of the petition to the appropriate appellate court, noting in the record the date and manner by which it is sent." We find to be just as significant the absence, from the preclusion grounds listed in Rule 32.2, of a recognition that a pending appeal of the conviction will preclude the Rule 32 petition. Rather, Rule 32.2(a)(1) *Page 332 
precludes any ground that may still be raised on direct appeal.[1]
Moreover, looking at some of the procedural rules and standards that Justice Hugh Maddox in H. Maddox, Alabama Rulesof Criminal Procedure, § 32.11 p. 794 (1990), recognizes to be "substantially similar" to our Rule 32 procedure — the Uniform Post-Conviction Procedure Act and the American Bar Association Standards relating to post-conviction remedies — we consider that the Alabama Supreme Court, in adopting the Rule 32 procedure, intended that a Rule 32 petition could be filed while a direct appeal is pending.
Section 3 of the Uniform Post-Conviction Procedure Act (U.L.A.) (1980), in addition to providing that "[a]n application may be filed at any time," § 3(b), provides in § 3(d), the following:
 "If an application is filed while an appeal or other review is pending, the appell[ate] court, on motion of either party or on its own motion, may defer further action on the appeal or other review until the determination of the application by the trial court or may order the application [removed] [certified] and consolidated with the pending appeal or other review."
The comment to this subsection explains the rationale behind this rule, as follows:
 "Subsection (c) [, which relates to the filing of an application before the time for appeal from the judgment of conviction or sentence has expired,[2]] and (d) provide efficient procedure for integration of post-conviction litigation and direct appeals or other review following the conviction and sentence. While post-conviction proceedings are rarely instituted so early after convictions, those cases may arise occasionally; these provisions, following ABA Standard 22-2.2, permit consolidation of all pending proceedings if the courts so decide."
The Commentary to Standard 22-2.2(a) of the American Bar Association Standards for Criminal Justice (2d ed. 1986 Suppl.), explains the purpose of a similar recommended standard[3] as follows:
 "It is a valid aim of a system for administration of criminal justice to seek prompt and final disposition of criminal prosecutions. Defendants with litigable grounds for postconviction relief should be permitted to raise them at the first opportunity. Often such claims can be determined in the proceedings prior to judgments of conviction. In other instances, the claims can be presented immediately following conviction and sentence. Early presentation of all known potential grounds for attack upon a conviction should be encouraged. If . . . an appeal from conviction . . . is still pending, the appropriate court should have authority to hold the appeal in abeyance pending trial court disposition of a post-conviction claim. The outcome of the *Page 333 
postconviction proceeding may . . . render a pending appeal moot. If further proceedings are needed, an appeal from the postconviction determination can be consolidated with an appeal from the underlying conviction, thereby providing the appellate court with a full perspective of the whole case."
In an attempt to reconcile the jurisdictional bar of §12-22-133, as interpreted by the Alabama Supreme Court's dictate in Brown, prohibiting the circuit court from entertaining a post-conviction petition, and the clear intent of Rule 32 that a petition can be filed while a direct appeal is pending, we propose the following procedure[4]: If a petitioner submits a Rule 32 petition to the court of conviction while an appeal of the petitioner's conviction or sentence is pending, the circuit clerk is to accept the petition and "promptly"[5] send a copy to the appropriate appellate court, in accordance with Rule 32.6(c). Thereafter, this court may notify the circuit court that the Rule 32 petition should be held in abeyance in the circuit court until the certificate of judgment of the direct appeal is issued, whereupon the circuit court will have authority to act on it. Or the appellate court may remand, thus staying the appeal of the petitioner's conviction and transferring jurisdiction to the circuit court to adjudicate the Rule 32 petition. After adjudication, a return to remand would be submitted to this court, and the parties would be allowed to submit issues for review of the circuit court's action on the Rule 32 petition. We consider this suggested procedure to further the policy considerations of Rule 32: avoidance of wasting the efforts of the courts and the parties, a unitary review of conviction and sentence, and prompt and final disposition of prosecutions. The decision to stay the appellate court proceedings is left within the sound discretion of that court, to balance the delay in the prosecution of the appeal against the possible gains in judicial efficiency enumerated above. Thus, because of the very language of Rule 32, we will no longer follow the holdings of such cases asGrant v. State, Hart v. State, and Gibson v. State to the effect that a petition for post-conviction relief filed during the pendency of a direct appeal is properly dismissed.
A review of McMillian v. State, 594 So.2d 1289 (Ala.Cr.App. 1992), gives some additional indication that a like procedure has been contemplated by the appellate courts. While McMillian's appeal of his conviction for capital murder and death sentence was pending, McMillian filed a Rule 32 petition in the circuit court; the supreme court stayed the pending petition for writ of certiorari pursuant to the state's motion that the Rule 32 petition be heard as part of the direct appeal rather than in a separate proceeding; pursuant to that court's directive, we remanded the case to the circuit court; and by agreement of the parties, after completion of the lower court proceedings, the Rule 32 petition would be dismissed and its issue would be considered as a part of the direct appeal. (By ordering the remand of the cause to the circuit court, the supreme court implicitly recognized that the circuit court did not have jurisdiction to entertain the collateral petition.)
Now, we come to the issue before us: Can the circuit court refuse to accept the filing of a Rule 32 petition while the appeal of a prior Rule 32 is pending? We find, based on the preceding discussion, that the circuit court cannot so refuse.
The next question is whether the circuit court canentertain and act on a petition during the pendency of the appeal of a prior petition. It is true that unlike the situation discussed above — the filing of a Rule 32 petition during the pendency of a direct appeal — the circuit court would not lack jurisdiction to entertain a petition while a prior petition appeal is pending, because § 12-22-133 would not be called into operation. However, the Brown court, *Page 334 
in reference to several remedies deemed to be "[i]n some respects" like the remedy of error coram nobis,250 Ala. at 446, 35 So.2d at 519, noted that "it is inharmonious for two separate courts to be acting at the same time on the question of whether a judgment should be set aside." Id. at 446,35 So.2d at 520. We consider this fundamental principle to dictate the conclusion that the entertainment of a subsequent petition while the appeal of a prior petition is pending would be contrary to an orderly and efficient administration of the rules, to an interest in the appellate court having a full perspective of the case, and to conservation of judicial resources. See also 24 C.J.S. Criminal Law § 1637, p. 270 (1989) (wherein it is stated that "[d]eference to the court of appellate jurisdiction requires that consideration of a coram nobis motion await the outcome of the appeal taken from the order entered on a prior like motion").
The remaining question is whether the circuit court is to utilize the procedure suggested for the courts' treatment of a Rule 32 petition filed during a direct appeal. We find this procedure to be inappropriate when a Rule 32 petition is filed during the appeal of a prior Rule 32 petition. Rule 32.6(c) requires that the clerk send a copy of the petition to the appropriate appellate court only if an appeal of the petitioner's conviction is pending. Thus, it appears that the Alabama Supreme Court intended that no interaction or coordination between the circuit court and the appellate court occur when a Rule 32 petition is filed while another one is pending on appeal.
Accordingly, we can only conclude that because Rule 32.6(a) allows a petition to "be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c))," Barnes's second petition should have been accepted by the circuit court, but that any action on the petition should have been suspended until a certificate of judgment was issued on the appeal of the prior petition. Besselaar v. State
is overruled to the extent that it conflicts with this opinion.
In conclusion, we find that the circuit court erred in refusing to accept the filing of Barnes's second petition. Accordingly, this cause is remanded to the court to now consider it, as well as its subsequent amendments, because the appeal of Barnes's prior petition is final. Upon remand, the court is authorized to require a more complete and specific response from the prosecutor and to conduct an evidentiary hearing or take whatever action is necessary to render a final judgment on Barnes's petition, as amended. The court shall take all action directed in sufficient time to permit the circuit clerk to make a proper return to this court at the earliest possible time and within 60 days of the release of this opinion if no hearing is deemed necessary or within 90 days if a hearing is held.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
[1] We note that, the court in State v. Bell, 23 Ariz. App. 169,531 P.2d 545, 547 (1975), in interpreting the same procedural bar, held that this bar "applies only to those matters in which a sufficient factual basis exists in the record for the appellate court to resolve the matter."
[2] Subsection (c) provides, "If an application is filed before the time for appeal from the judgment of conviction or sentence has expired, the court, on motion of the applicant, may extend the time for appeal until a final order has been entered in the proceeding under this Act." We find it unnecessary to comment, in this opinion, on a recommended procedure for the treatment of a Rule 32 petition filed before the time for appeal has expired. We note, however, the prohibition against suspension of the requirement that notice of appeal must be given within 42 days of pronouncement of sentence, or denial or overruling of a motion in arrest of judgment, motion for a new trial, or motion for judgment of acquittal. See Symanowski v. State,606 So.2d 171 (Ala.Cr.App. 1992).
[3] ABA Standard 22-2.2(a) states, in pertinent part, the following:
 "When an application for postconviction relief is filed while an appeal from the judgment of conviction and sentence is pending, the appellate court should have the power to suspend the appeal until the conclusion of the postconviction proceeding or to transfer the postconviction proceeding to the appellate court immediately. The . . . appellate court should exercise th[is] power to enable simultaneous consideration of the appeal, if taken, from the judgment of conviction and sentence and an appeal, if taken, from the judgment in the postconviction proceeding, where joinder of appeals would contribute to orderly administration of criminal justice."
[4] We caution that, in this opinion, we address only the situation of a petition filed in the circuit court during the pendency of an appeal in this court or in the Alabama Supreme Court.
[5] Rule 32.4(a) of the Arizona Rules of Criminal Procedure requires that the clerk send a copy to the appropriate appellate court within five days after the filing of the petition.
* [Reporter's note: On return to the remand, the court on February 12, 1993, affirmed, by unpublished memorandum.]