TAYLOR, Judge.
The appellant, Alvin H. Daniels, appeals from the denial of his petition for writ of habeas corpus. The appellant’s petition alleges grounds not cognizable in a petition for writ of habeas corpus but cognizable in a petition for post-conviction relief under Rule 32, A.R.Crim.P.; thus, we have treated the appellant’s petition as one for post-conviction relief under Rule 32.4, A.R.Crim.P.
When the appellant filed his petition in the Circuit Court for Jefferson County, his direct appeal from his conviction for robbery in the first degree was pending in this court. This court addressed a similar issue in Barnes v. State, 621 So.2d 329 (Ala.Cr.App.1992). Judge Patterson in interpreting the new Rules of Criminal Procedure stated:
“If a petitioner submits a Rule 32 petition to the court of conviction while an appeal of the petitioner’s conviction or sentence is pending, the circuit clerk is to accept the petition and ‘promptly’ send a copy to the appropriate appellate court, in accordance with Rule 32.6(c). Thereafter, this court may notify the circuit court that the Rule 32 petition should be held in abeyance in the circuit court until the certificate of judgment of the direct appeal is issued, whereupon the circuit court will have authority to act on it.”
621 So.2d at 333 (footnote omitted).
Therefore, this case is remanded to the Circuit Court for Jefferson County so that that court may stay any action on the appellant’s petition for post-conviction relief until the certificate of judgment has been issued on the appellant’s direct appeal. 621 So.2d 335.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.