The appellant, Ronald Calvin McHarris, appeals from the circuit court's dismissal of his A.R.Cr.P. 32 petition contesting the validity of his 1982 conviction for first degree *Page 401 
robbery and his sentence of life imprisonment without parole. The state moved to dismiss the petition, asserting in part that the petition is successive, Rule 32.2(b), and that it is barred by the two-year period of limitations, Rule 32.2(c). In granting the state's motion for summary dismissal, the circuit court found the following: "The Court determines that the said Petition is not sufficiently specific and fails to state a claim. The Court finds that no material issue of fact or law exists which would entitle the Petitioner to relief under Rule 32 and that no purpose would be served by further proceedings."
The instant petition is McHarris's third petition collaterally attacking his 1982 conviction for first degree robbery. His first petition was denied, after a hearing, with the court finding that the matters asserted were "matters which were either raised at trial, on appeal or should have been raised on appeal." The denial was affirmed on appeal. SeeMcHarris v. State, 467 So.2d 972 (Ala.Cr.App. 1985). His second petition was dismissed because the petition failed to state an issue that would warrant relief. The circuit court's judgment was affirmed by this court, which held that the petition was barred from consideration because it was successive, A.R.Cr.P.Temp. 20.2(b). See McHarris v. State, 560 So.2d 1103
(Ala.Cr.App. 1989). However, after this opinion was released, this court, in Blount v. State, 572 So.2d 498
(Ala.Cr.App. 1990), held that in order for a second or subsequent petition to be barred as successive, the record must reflect that the previous petition had been adjudicated on its merits. Neither of McHarris's previous two petitions was adjudicated on its merits. Therefore, in accordance withBlount, neither serves as a procedural bar to the present petition.
However, we do find that a limitations period bars two claims asserted by McHarris in his third petition. The claim of newly discovered evidence — the discovery of the victim's alleged suppressed pre-trial inconsistent statement and thereby the discovery that the prosecution had allegedly knowingly used perjured testimony — failed to allege a cognizable ground for relief. McHarris failed to allege that he was filing his petition within six months after the discovery of the alleged newly discovered evidence. Thus, this allegation was procedurally barred by the six-month period of limitations designated for the ground of newly discovered evidence, Rule 32.2(c). McHarris's allegation of ineffective counsel was barred by the two-year period of limitations, id.
McHarris also asserted that the three prior felony convictions used to enhance his punishment for the robbery conviction are void because, he argues, the guilty pleas upon which those convictions rest were not knowing and intelligent and were entered on the same day he gave the court notice of his intent to plead guilty. This contention was not properly before the circuit court. We consider this issue to be a challenge to the validity of McHarris's prior convictions.
 "A Rule 32 petition attacking the appellant's most recent (triggering) convictions is not the proper forum in which to challenge the validity of the appellant's prior (underlying) convictions. The validity of a prior conviction should be challenged by filing a petition for post-conviction relief from that conviction. Lochli v. State, 565 So.2d 294, 296
(Ala.Cr.App. 1990). Compare Ex parte Madden, 602 So.2d 1192 (Ala. 1991) (reaffirming the rule that when a defendant attacks the validity of a prior felony conviction used for purposes of enhancement, the proper forum is a separate Rule 32 petition addressed to that prior conviction)."
Crum v. State, 611 So.2d 495, 496 (Ala.Cr.App. 1992) (emphasis in original).
McHarris's final claim in his petition was that the trial court was without jurisdiction to impose sentence under the Habitual Felony Offender Act because, he argues, the Act is unconstitutional and without force or effect. He specifically argued that the Act was not passed in accordance with Art. IV, § 63, Ala. Const. 1901, which requires that "no bill shall become a law, unless . . . the vote be taken by yeas and nays, the names of the members voting for and against the same be entered upon the journals, and a majority of each house be recorded thereon as voting *Page 402 
in its favor, except as otherwise provided in this Constitution." This argument is without merit. Compliance with requirements of this section will be presumed "until the contrary is made to appear." Ex parte Rice, 265 Ala. 454, 457,92 So.2d 16, 18 (1957). The circuit court had nothing before it except McHarris's mere conclusory allegation.
Because we have determined that McHarris's petition was properly dismissed, we find the following issues asserted on appeal by McHarris to be without merit: (1) whether the petition is sufficiently specific and states a claim; and (2) whether it presents a material issue of fact or law that would entitle him to relief. We further find that the following issues are not before us: (1) whether McHarris had received a full and fair hearing in 1984 on his first post-conviction petition and whether the manner in which that hearing was held violated his right to due process; and (2) whether the instant petition may be dismissed as being successive or barred by the limitations period where allegedly the hearing on his first petition violated his right to counsel and his right to call witnesses. Finally, we find to be without merit McHarris's contention that the preclusion remedies of Rule 32.2 are unconstitutional and deny a petitioner access to the courts.
Accordingly, the judgment is affirmed.
AFFIRMED.
All Judges concur.