LONG, Judge.
The appellant, Xavier Lamont Armstead, filed a petition for post-conviction relief pursuant to Rule 32, A.R.Crim.P., on July 6, 1995, attacking his convictions for attempted murder, criminal possession of a forged instrument in the first degree, assault in the third degree, and resisting arrest. On July 14, 1995, the trial court, without requiring a response from the State, dismissed the petition because the direct appeal of the appellant’s convictions was pending in this Court. We affirmed the appellant’s convictions in an unpublished memorandum on July 28, 1995, and issued a certificate of judgment on August 15, 1995. The State, citing Barnes v. State, 621 So.2d 329, 331 (Ala.Cr.App.1992) (acknowledging “that, because it lacks jurisdiction, a circuit court is barred from entertaining a Rule 32 petition while an appeal of the conviction is pending,” but holding that “a petitioner can file a Rule 32 petition even though his appeal of his conviction is pending”), argues that we must now remand this cause to the trial court for that court to now consider the appellant’s petition since the appeal of his convictions is final. We agree. See Harrell v. State, 654 So.2d 47 (Ala.Cr.App.1993). On remand, the trial court may, in its discretion, order the State to file a response to the appellant’s petition. Should the trial court deem it necessary to hold an evidentiary hearing addressing the appellant’s claims, the trial court’s return to remand shall include a transcript of the remand proceedings. A return to remand shall be filed with this Court within 63 days of the date of this opinion.
*851 REMANDED WITH DIRECTIONS 
All Judges Concur.