PATTERSON, Judge.
Marvin Bernard McMillian, alias, appeals the circuit court’s denial of his second petition for post-conviction relief. See Rule 32, A.R.Crim.P. The trial court denied this petition without an evidentiary hearing, ruling that all of the issues presented “were or could have been raised on appeal or in a previous petition.” McMillian’s petition states the following claims, which we quote from the record:
“[1] Failure of trial counsel for the defense to fully investigate appellant’s alibi witnesses;
“[2] Failure of trial defense counsel to introduce and have entered, Medical Records of [the victim];
“[3] Failure of trial counsel for the defense to object to the unfounded derogatory testimony which wrongly portrayed the appellant as being a drug seller;
“[4] Failure of defense counsel to object to Dr. Damian J. Collins’ testimony at trial;
“[5] Failure of appellant’s attorney at trial to object to the prosecution’s impeaching *497 of Ms own witness, via testimony of Sergeant Williams;
“[6] Failure of appellant’s .... counsel to file a brief on direct appeal;
“[7] Petitioner asserts that perjury testimony was used to sustain the conviction, resulting from trial counsel’s ineffectiveness.
“[8] Ineffective assistance by defense counsel during other significant portions of appellant’s trial.
[[Image here]]
“[9] Petitioner asserts that trial counsel was ineffective for not charging the trial court to include jury instructions of alibi defense.”[1]
The record shows that, on March 24, 1993, McMillian was convicted of attempted murder and was subsequently sentenced to life imprisonment. His trial counsel was appointed to represent him on appeal. On November 3, 1993, McMillian moved this court to consolidate his direct appeal with the appeal from his first Rule 32 petition, wMch had not yet been filed. On November 15, 1993, this court ordered that the case be remanded to the trial court in accordance with Barnes v. State, 621 So.2d 329 (Ala.Cr.App.1992). Pursuant to Barnes, our order stayed McMillian’s direct appeal and transferred jurisdiction to the trial court for consideration of McMillian’s petition.
On November 22, 1993, MeMillian’s counsel filed his first Rule 32 petition.[2] In March 1994, the trial court held a hearing on that petition. The record from that appeal is on file with this court, and shows that McMillian amended his first petition, pro se, to raise additional issues challenging the effectiveness of Ms trial counsel. The trial court allowed McMillian to address these issues at the hearing on that petition, and it subsequently denied relief. That ruling was ultimately affirmed by this court. McMillian v. State, 655 So.2d 50 (Ala.Cr.App.1995) (note).
McMillian filed tMs second petition on April 25, 1995. The trial court summarily demed this petition, holding that all issues presented were procedurally barred either because the petition was successive as to those issues, see Rule 32.2(b), or because they had been waived by McMillian’s failure to raise them in the first petition. See Rule 32.2(a)(4). The trial court properly ruled that the issues regarding the effectiveness of McMillian’s counsel at trial are procedurally barred. However, claim number 6, that MeMillian’s counsel was ineffective for failing to file a brief on direct appeal, is not procedurally barred by Rule 32.2. Because our order of November 15, 1993 stayed McMilli-an’s direct appeal pending the trial court’s ruling on his first Rule 32 petition, this issue regarding the direct appeal was not precluded by that petition.
Both McMillian and the state argue that, therefore, we should remand tMs cause to the trial court on the issue whether McMilli-an’s appellate counsel was ineffective. We agree. This issue was not precluded on procedural grounds. We therefore reverse the trial court’s summary demal of this petition, remand the cause to the trial court, and order that it make specific findings of fact relating to the effectiveness of McMillian’s appellate counsel on McMillian’s direct appeal. See Rule 32.9(d).
REVERSED AND REMANDED.
All Judges concur.

. We note that issue number 9 was never presented to the trial court, but was included in McMillian’s appellate brief. Accordingly, our review of this particular issue is procedurally barred on the grounds that it was never presented to the trial court.

. McMillian's counsel at his first Rule 32 petition was the same attorney representing McMillian at trial and on direct appeal.