TAYLOR,
Presiding Judge.
The appellant, James Hubert Taylor, Jr., appeals from the trial court’s dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P, attacking his conviction for theft of property in the first degree.
When the appellant filed his post-conviction petition in the Circuit Court for Houston County, his direct appeal was pending in this Court.
“If a petitioner submits a Rule 32 petition to the court of conviction while an appeal of the petitioner’s conviction or sentence is pending, the circuit clerk is to accept the petition and ‘promptly’ send a copy to the appropriate appellate court, in accordance with Rule 32.6(c). Thereafter, [the appellate court] may notify the circuit court that the Rule 32 petition should be held in abeyance in the circuit court until the certificate of judgment of the direct appeal is issued, whereupon the circuit court will have authority to act on it.”
Barnes v. State, 621 So.2d 329, 333 (Ala.Cr. App.1992).
The State has asked us to remand this case to the Circuit Court for Houston County in order for the court to “stay any action on the appellant’s petition for post-conviction relief until the certificate of judgment has been issued on the appellant’s direct appeal.” Daniels v. State, 621 So.2d 334, 335 (Ala.Cr. App.1992).
This case is remanded to the Circuit Court for Houston County for proceedings not inconsistent with this opinion. Due return should be filed in this Court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. *
All the Judges concur.

Note from the Reporter of Decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.