LONG, Presiding Judge.
The appellant, Timothy Lee Jemison, appeals from the trial court’s summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim.P., in which he attacked his March 1996 convictions for rape in the first degree and theft of property in the first degree. On direct appeal, this court affirmed the appellant’s convictions by unpublished memorandum on November 1, 1996. We denied the appellant’s applica *1129 tion for rehearing on February 28, 1997, and a certificate of judgment was issued on March 18,1997.
The appellant’s Rule 82 petition was filed on September 4, 1997. The case action summary reflects that the trial court denied the appellant’s petition before the state filed any responsive pleading on September 5, 1997, on the ground that the petition was “successive.” (C. 32.)
The record on appeal, which is not helpful, indicates that the appellant filed two prior Rule 32 petitions attacking the same convictions he challenges in his present petition. The first of those petitions was filed on July 3,1996. However, we cannot discern from the record what claims the appellant raised in that petition. On September 13, 1996, the trial court dismissed the petition as “prematurely filed,” apparently because the appellant’s direct appeal was still pending in this court. It appears that the appellant filed a second Rule 32 petition on April 8, 1997; as is the case with his first petition, we cannot discern from the record what claims he raised in the petition. Nor does the record contain any indication of the trial court’s disposition of the petition, although the appellant maintains that the petition was denied by the trial court on April 30,1997.
Before a Rule 32 petition can be dismissed as “successive” within the meaning of Rule 32.2(b), Ala.R.Crim.P., the record must establish that a prior petition was adjudicated on its merits. See McHarris v. State, 623 So.2d 400, 401 (Ala.Cr.App.1993); Montoya v. State, 615 So.2d 1250 (Ala.Cr.App.1992). The trial court could not, and evidently did not, reach the merits of the petition filed by the appellant on July 3, 1996, when the appellant’s direct appeal was still pending in this court. See Barnes v. State, 621 So.2d 329, 331 (Ala.Cr.App.1992), and Daniels v. State, 621 So.2d 334 (Ala.Cr.App.1992). As we have indicated, the record is nearly silent with respect to the petition filed by the appellant on April 8, 1997. Because we do not know what claims were presented in the appellant’s prior petitions and because the record does not establish that either of the prior petitions was adjudicated on its merits, we cannot say that the trial court was correct in denying the appellant’s present petition on the ground that it was successive.
Therefore, we remand this case with directions for the trial court to determine whether the appellant’s petition filed on April 8, 1997, was adjudicated on its merits. If the petition was adjudicated on its merits, the trial court should so indicate in its return to remand. The trial court should also set forth the claims presented by the appellant in that petition, as well as its reasons for denying those claims. If the trial court determines that the petition filed on April 8, 1997, was not adjudicated on its merits, the trial court should then determine whether the appellant is entitled to an evidentiary hearing on the claims in his present petition and proceed accordingly. The trial court may take evidence by any means set forth in Rule 32.9, Ala.R.Crim.P. Before conducting an evidentiary hearing, the trial court may require a response from the state, in compliance with Rule 32.3, Ala.R.Crim.P. However, “in the event that the circuit judge has personal knowledge of the actual facts underlying the appellant’s allegations, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.” Nathan v. State, 689 So.2d 933, 934 (Ala.Cr.App.1995). Moreover, if the trial court finds that a particular claim in the present petition fails to meet the specificity requirements of Rule 32.6(b), Ala. R.Crim.P., fails to state a claim or to present any material issue of fact or law entitling the appellant to relief, or is precluded under Rules 32.2(a)(1) through (5), Ala.R.Crim.P., the trial court should so state in its order.
The trial court shall make due return of its order and the transcript of any further *1130 proceedings it deems necessary within 56 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
All the Judges concur.