LONG, Presiding Judge.
The appellant, James Hubert Taylor, Jr., appeals from the circuit court’s summary denial of his second Rule 32, Ala. R.Crim.P., petition,[1] in which he contested his 1996 conviction for theft of property in the first degree and his resulting sentence of life imprisonment under the Habitual Felony Offender Act. A recapitulation of the procedural history of this case is necessary to understand the posture of this appeal.

Proceedings Relating to Taylor’s Direct Appeal

On April 9, 1996, Taylor was convicted of theft of property in the first degree; that same date, he was sentenced to life imprisonment under the Habitual Felony Offender Act. Taylor appealed. On direct appeal, this court affirmed Taylor’s conviction in an unpublished memorandum issued on September 27, 1996. Taylor v. State, 689 So.2d 1018 (Ala.Cr.App.1996) (table). On April 18, 1997, this court issued a certificate of judgment disposing of Taylor’s direct appeal.

Proceedings Relating to Taylor’s First Rule 82 Petition

The record reflects that on June 25, 1996, while his direct appeal was pending in this court, Taylor filed his first Rule 32 *459 petition. In that petition, Taylor claimed (1) that his trial counsel had rendered ineffective assistance and (2) that his conviction had been obtained as a result of a violation of the Mandatory Disposition of Detainers Act, § 15-9-80 et seq., Ala.Code 1975. On July 10, 1996, the circuit court entered an order purporting to summarily deny Taylor’s petition, stating as grounds that the claims in the petition concerned matters that had been addressed at Taylor’s trial, and that the petition thus failed to state a claim. Taylor subsequently appealed from the circuit court’s ruling. In an opinion released on October 11, 1996, this court, relying on Barnes v. State, 621 So.2d 329 (Ala.Cr.App.1992), held that because Taylor’s direct appeal was pending when the circuit court denied his Rule 32 petition, the circuit court lacked jurisdiction to rule on Taylor’s petition when it did. Taylor v. State, 692 So.2d 140 (Ala.Cr.App.1996). See Barnes, 621 So.2d at 331 (if a direct appeal has been filed, the circuit court does not have jurisdiction to adjudicate a Rule 32 petition until the certificate of judgment is issued on a petitioner’s direct appeal). Accordingly, we remanded the cause to the circuit court, with directions that it stay adjudication of Taylor’s Rule 32 petition until this court issued a certificate of judgment on his direct appeal.
On October 17, 1996, in compliance with our remand directions, the circuit court made an entry on the case action summary sheet indicating that it was setting aside its July 10, 1996, order denying Taylor’s Rule 32 petition, and that it was staying adjudication of the petition until a certifí-cate of judgment issued on Taylor’s direct appeal. The circuit court then sent this court a copy of the case action summary sheet reflecting that it had taken that action in compliance with this court’s remand directions. Treating the circuit court's filing as a “return to remand,” this court “affirmed” the judgment of the circuit court with respect to Taylor’s Rule 32 petition by an unpublished memorandum issued on November 22, 1996. On December 10, 1996, this court issued a certificate of judgment relating to the appeal of Taylor’s Rule 32 petition. The record reflects that one week later, on December 17,1996, the circuit court entered an order purporting to deny Taylor’s Rule 32 petition for “failure to state a claim.”

Proceedings Relating to Taylor’s Second Rule 32 Petition

On November 7, 1997, Taylor filed his second Rule 32 petition. In that petition, Taylor claimed (1) that the trial court lacked jurisdiction to sentence him to life imprisonment without parole under the Habitual Felony Offender Act because the court failed to allow him an allocution before imposing the sentence and (2) that his trial and appellate counsel had rendered ineffective assistance. On November 17, 1997, the circuit court summarily denied Taylor’s second petition, stating as grounds that the petition was “successive.” See Rule 32.2(b), Ala.R.Crim.P. That ruling is the subject of this appeal. Taylor contends that the circuit court erred in summarily denying his second Rule 32 petition as “successive” because, he says, his first Rule 32 petition was never adjudicated on its merits.
Analysis
As is evident from the chronology of events set out above, Taylor’s direct appeal was pending when this court issued its unpublished memorandum of November 22, 1996, purporting to affirm the circuit court’s action staying the Rule 32 proceedings until the direct appeal was final.[2] However, at that time there was no final judgment of the circuit court disposing of that petition. In fact, on October 17, 1996, the circuit court fully complied with the *460 directions in our opinion of October 11, 1996, that the circuit court stay adjudication of Taylor’s first petition until a certificate of judgment issued on Taylor’s direct appeal. The very basis for the remand was that the circuit court had ruled prematurely, and without jurisdiction, when, on July 10, 1996, it denied Taylor’s first petition while his direct appeal was pending. As noted above, the certificate of judgment did not issue on Taylor’s direct appeal until April 18, 1997. Thus, both this court’s memorandum of November 22, 1996, “affirming” the circuit court with respect to Taylor’s first Rule 32 petition and its certificate of judgment as to that matter, issued on December 10, 1996, were legal nullities.
.Moreover, the circuit court’s order of December 17, 1996—in which the circuit court purported to deny Taylor’s first petition for “failure to state a claim”—was also a legal nullity. Because the judgment on Taylor’s direct appeal was not final until April 18, 1997, the circuit court had no more jurisdiction to rule on Taylor’s first petition on December 17, 1996, than it had when it ruled on that petition on July 10, 1996. Although the state argues in its brief to this court that Taylor’s failure to appeal from the circuit court’s order of December 17, 1996, precluded Taylor from seeking relief through a second Rule 32 petition, the circuit court’s order would not have supported such an appeal. “ ‘Because the circuit court was without jurisdiction, its judgment is null and void and will not support an appeal.’” Gordon v. State, 710 So.2d 943, 945 (Ala.Cr.App.1998), quoting McKinney v. State, 549 So.2d 166, 168 (Ala.Cr.App.1989). Taylor cannot be faulted for failing to exercise a remedy that was not available to him.
“Before a Rule 32 petition can be dismissed as ‘successive’ within the meaning of Rule 32.2(b), Ala.R.Crim.P., the record must establish that a prior petition was adjudicated on its merits. See McHarris v. State, 623 So.2d 400, 401 (Ala.Cr.App.1993); Montoya v. State, 615 So.2d 1250 (Ala.Cr.App.1992).” Jemison v. State, 736 So.2d 1128, 1129 (Ala.Cr.App. 1998). It cannot be said that Taylor’s first Rule 32 petition was adjudicated on its merits; in fact, as the procedural history outlined above shows, there has never been a valid final judgment of the circuit court disposing of Taylor’s first petition. Thus, the circuit court erred in summarily denying Taylor’s second Rule 32 petition as successive. In so holding, we recognize that much of the fault for the unusual circumstances of this case is the fault of this court, and not that of the circuit court or the parties.

Remedy

We must remand this cause to the circuit court with directions that that court address the claims in Taylor’s second Rule 32 petition. On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary. Should the circuit court deny Taylor’s claims, the circuit court should specify the reason or reasons for its denial as to each claim, whether that denial is based on procedure or on the merits of the petition. Due return should be filed in this court no later than 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS. 
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Although Taylor styled his petition as a petition for writ of error coram nobis, it was properly treated as a Rule 32 petition and is referred to as a Rule 32 petition throughout this opinion. See Nickerson v. State, 597 So.2d 762 (Ala.Cr.App.1992) (Rule 32, Ala. R.Crim.P., consolidates habeas corpus and coram nobis into a single comprehensive remedy).

. An appeal is not final until a certificate of judgment is issued. Rule 41, Ala.R.App.P. See, e.g., Gordon v. State, 710 So.2d 943, 945 (Ala.Cr.App.1998). Thus, Taylor’s direct appeal became final on April 18, 1997, when this court issued the certificate of judgment on his direct appeal.