The petitioner, Reginald Lamar Hargett, filed this petition for a writ of mandamus directing the Honorable Albert L. Johnson, circuit judge for the Twenty-sixth Judicial Circuit, to set aside the dismissal of Hargett's Rule 32, Ala.R.Crim.P., petition and to hold the petition in abeyance until his direct appeal is final.
Hargett was convicted of selling cocaine and was sentenced to life imprisonment. He filed a notice of appeal in September 1998 and this Court affirmed his conviction on March 26, 1999, by an unpublished memorandum. Hargett v. State, (CR-97-2471, March 26, 1999) 767 So.2d 418
(Ala.Cr.App. 1999) (table). This Court issued a certificate of judgment on April 13, 1999, *Page 482 
at which time the appeal was final. Rule 41, Ala.R.App.P.
On February 5, 1999, while Hargett's direct appeal was pending in this Court, he filed a postconviction petition pursuant to Rule 32, Ala.R.Crim.P., in the circuit court for Russell County. On February 10, 1999, Judge Johnson issued the following order:
 "This case has been submitted upon defendant's Rule 32 petition for relief from conviction and sentence. The court having considered the pleadings finds that said petition is due to be dismissed for want of jurisdiction in that the petition is not properly before the court at this time.
 "It is therefore ordered that defendant's Rule 32 petition for relief from sentence or judgment is dismissed and the Clerk of the Circuit Court shall return said petition to the petitioner."
Hargett then filed this petition for a writ of mandamus asking us to direct Judge Johnson to follow Barnes v. State, 621 So.2d 329
(Ala.Cr.App. 1992), which held that the circuit court cannot refuse to accept the filing of a Rule 32 petition while the appeal of a prior Rule 32 petition was pending.
The State argues that we should dismiss this petition because, it says, Hargett should have filed a direct appeal from the dismissal of his petition. In the alternative, the State suggests that we treat this petition as a direct appeal, follow the procedures mandated in Barnes, and order that the petition be held in abeyance until the direct appeal is final.
We are compelled to issue the writ because the issue involved is one of jurisdiction. "[J]urisdictional matters are of such magnitude that [appellate courts] take notice of them at any time and do so even ex meromotu." Nunn v. Baker, 518 So.2d 711, 712 (Ala. 1987).
According to Barnes, a trial court may not refuse to accept a postconviction petition filed while a direct appeal is pending in the appellate court. The Barnes court stated:
 "[U]nder the Alabama Rules of Criminal Procedure, a petitioner can file a Rule 32 petition even though his appeal of his conviction is pending. Rule 32.6 states, without any qualification except the rule's limitations period, `A petition may be filed at any time after entry of judgment and sentence (subject to the provisions of Rule 32.2(c)).'"
621 So.2d at 331. (Emphasis in Barnes.) Also, Barnes states that a trial court should hold the petition in abeyance until the direct appeal is final. This Court in Barnes proposed the following procedure:
 "If a petitioner submits a Rule 32 petition to the court of conviction while an appeal of the petitioner's conviction or sentence is pending, the circuit clerk is to accept the petition and `promptly' send a copy to the appropriate appellate court, in accordance with Rule 32.6(c). Thereafter, this court may notify the circuit court that the Rule 32 petition should be held in abeyance in the circuit court until the certificate of judgment of the direct appeal is issued, whereupon the circuit court will have authority to act on it. Or the appellate court may remand, thus staying the appeal of the petitioner's conviction and transferring jurisdiction to the circuit court to adjudicate the Rule 32 petition. After adjudication, a return to remand would be submitted to this court, and the parties would be allowed to submit issues for review of the circuit court's action on the Rule 32 petition. We consider this suggested procedure to further the policy considerations of Rule 32: avoidance of wasting the efforts of the courts and the parties, a unitary review of conviction and sentence, and prompt and final disposition of prosecutions. The decision to stay the appellate court proceedings is left within the sound discretion of that court, to balance the delay in the prosecution of the appeal against the possible *Page 483 
gains in judicial efficiency enumerated above."
621 So.2d at 333.
Judge Johnson was without jurisdiction to dismiss the petition while the direct appeal was pending. The general rule is that jurisdiction of one case cannot be in two courts at the same time. McKinney v. State,549 So.2d 166 (Ala.Cr.App. 1989). Judge Johnson's order of dismissal is hereby set aside. Because Hargett's direct appeal was final on April 13, 1999, Judge Johnson is directed to allow Hargett to refile the postconviction petition he filed on February 5, 1999.
For the foregoing reasons, this petition is due to be, and is hereby, granted.
 PETITION GRANTED.
McMillan, Cobb, Baschab, and Fry, JJ., concur.