Arthur Gene Rogers appeals from the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged Rogers's June 11, 1999, conviction for robbery in the first degree and his sentence as a habitual felony offender to life in prison. Rogers's direct appeal was affirmed by an unpublished memorandum on March 24, 2000. Rogers v. State, (No. CR-99-0036) ___ So.2d ___ (Ala.Crim.App. 2000) (table). The instant Rule 32 petition was filed in the Jefferson County Circuit Court on April 11, 2000. The circuit court denied the petition on April 18, 2000. On May 9, 2000, this court issued a certificate of judgment in Rogers's direct appeal.
 "If a petitioner submits a Rule 32 petition to the court of conviction while an appeal of the petitioner's conviction or sentence is pending, the circuit clerk is to accept the petition and `promptly' send a copy to the appropriate appellate court, in accordance with Rule 32.6(c). Thereafter, this court may notify the circuit court that the Rule 32 petition should be held in abeyance in the circuit *Page 848 
court until the certificate of judgment of the direct appeal is issued, whereupon the circuit court will have authority to act on it."
Barnes v. State, 621 So.2d 329, 333 (Ala.Crim.App. 1992) (footnote omitted).[1]
The circuit court was without jurisdiction to dismiss Rogers's petition while the direct appeal was pending. "The general rule is that jurisdiction of one case cannot be in two courts at the same time." Exparte Hargett, 772 So.2d 481, 483 (Ala.Crim.App. 1999) (citingMcKinney v. State, 549 So.2d 166 (Ala.Crim.App. 1989)). The circuit court's order denying the petition is hereby set aside. The circuit court should have held Rogers's Rule 32 petition in abeyance until the certificate of judgment on the direct appeal was issued. The court has issued a certificate of judgment; the circuit court now has the authority to act on Rogers's Rule 32 petition. Barnes, supra.
For the foregoing reasons, this appeal is due to be, and is hereby, dismissed.
APPEAL DISMISSED.
Long, P.J., and McMillan, Baschab, and Fry, JJ., concur.
[1] Barnes continues:
 "Or the appellate court may remand, thus staying the appeal of the petitioner's conviction and transferring jurisdiction to the circuit court to adjudicate the Rule 32 petition. After adjudication, a return to remand would be submitted to this court, and the parties would be allowed to submit issues for review of the circuit court's action on the Rule 32 petition. We consider this suggested procedure to further the policy considerations of Rule 32: avoidance of wasting the efforts of the courts and the parties, a unitary review of conviction and sentence, and prompt and final disposition of prosecutions. The decision to stay the appellate court proceedings is left within the sound discretion of that court, to balance the delay in the prosecution of the appeal against the possible gains in judicial efficiency enumerated above. Thus, because of the very language of Rule 32, we will no longer follow the holdings of such cases as Grant v. State[, 565 So.2d 696 (Ala.Crim.App. 1990)], Hart v. State[, 547 So.2d 1195 (Ala.Crim.App. 1989)], and Gibson v. State[, 547 So.2d 1196 (Ala.Crim.App. 1989)], to the effect that a petition for postconviction relief filed during the pendency of a direct appeal is properly dismissed."
Barnes, 621 So.2d at 333 (footnote omitted).