COBB, Judge.
Herman Richard Corley, Jr., appeals from the circuit court’s dismissal of his Rule 32, Ala.R.Crim.P., petition for post-conviction relief. The petition challenged his October 27, 1998, convictions, entered as a result of guilty pleas, for distribution and possession of a controlled substance under § 13A-12-211 and § 13A-12-212, Ala.Code 1975. According to Corley, he was sentenced to 20 years’ imprisonment. The instant petition was filed on March 7, 2000.
On appeal, Corley contends (1) that the trial court should have adjudicated the petition on the merits, (2) that the trial court erred when it denied Corley’s motion to supplement the record on appeal pursuant to Rule 10(g), Ala.R.App.P., (3) that the trial court erred by refusing to hold an evidentiary hearing on the merits of the petition, and (4) that the trial court improperly denied Corley’s timely filed motion for a new trial.
The State argues that Corley’s Rule 32, Ala.R.Crim.P., petition for post-conviction relief is successive. However, because the record contains no prior petitions, we do not know whether the present issues have been raised in earlier petitions and disposed of on the merits. “Before a Rule 32 petition can be dismissed as ‘successive’ within the meaning of Rule 32.2(b), Ala.R.Crim.P., the record must establish that a prior petition was adjudicated on its merits.” Jemison v. State, 736 So.2d 1128, 1129 (Ala.Crim.App.1998). Also, in its order on the petition for postconviction relief, the trial court stated that the petition was not meritorious.
Corley filed in this Court a Rule 10(g), Ala.R.App.P., motion to supplement the record. This Court referred the case back to the trial court, granting jurisdiction only for the limited purposes of the Rule 10(g), Ala.R.App.P., motion and for supplementation of the record. In its order, the trial court made other statements regarding Corley’s filings and deemed the current Rule 32, Ala.R.Crim.P., petition to be successive. Any such references in the order are void because the trial court was granted jurisdiction by this Court only for the purpose of ruling on the 10(g), Ala. R.App.P., motion during the pendency of this appeal.
In his Rule 32, Ala.R.Crim.P., petition, Corley argued: (1) that the trial court was without jurisdiction to render judgment or to impose the sentences because, *1151 he says, his admission to the crimes was not sufficient, and the evidence would have shown that the charges should be dismissed, (2) that the constitutional and statutory requirements were not met by the trial court in accepting his guilty pipas, (3) that the trial court did not advise him of the proper range of punishments he could receive, (4) that the indictment was defective because the elements of the offense he actually committed are not found in § 13A-12-211, Ala.Code 1975, and (5) that his counsel was ineffective.
From the record before us, we cannot determine whether Corley was properly informed of the correct range of punishment before he pleaded guilty. Therefore, we must remand this case to the circuit court for that court to make specific findings of fact concerning Corley’s claim that his plea was not voluntary because he was not advised of the proper range of punishments he could receive. Burns v. State, 778 So.2d 246 (Ala.Crim.App.2000), Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996). The circuit court should determine whether Corley was informed of the proper range of punishment before pleading guilty.
On remand, the circuit court may consider the pleadings filed by the parties, including the transcript of the plea colloquy, any affidavits submitted, and the Rule 32 petition. If the same judge who presided over the guilty plea proceeding and the Rule 32 proceeding presides on remand, the circuit court may dispose of these claims by issuing written findings of fact based on the record and on the judge’s personal recollection. If necessary, the circuit court may hold an evidentiary hearing pursuant to Rule 32.9, Ala.R.Crim.P. If a hearing is held, the circuit court should include a copy of the hearing transcript in its return to this Court. A return to remand shall be filed within 42 days of this opinion.
REMANDED WITH DIRECTIONS 
LONG, P.J., and McMILLAN, BASCHAB, and FRY, JJ., concur.