McMILLAN, Presiding Judge.
The petitioner, Aurelius Bogan, filed this petition for a writ of mandamus after Judge Michael W. McCormick of the Tenth Judicial Circuit failed to hold his second postconviction petition in abeyance until the appeal from his first postconviction petition was final. Bogan asks us to direct Judge McCormick to set aside his dismissal of Bogan’s petition, which Bogan argues, he lacked jurisdiction to enter.
Bogan filed a postconviction petition in the circuit court for Jefferson County on September 8, 2000. The circuit court dismissed that petition on October 12, 2000, and Bogan filed a notice of appeal with this Court on October 26, 2000 (CR-00-0219). On January 10, 2001, while the appeal in case no. CR-00-0219 was pending in this Court, Bogan filed a second postconviction petition in the circuit court of Jefferson County. The circuit court dismissed that second petition on March 2, 2001, before this Court issued a ruling on Bogan’s appeal from the dismissal of his September 2000 petition. This petition followed.
In its answer to the mandamus petition the district attorney concedes that the second postconviction petition should have been held in abeyance until the direct appeal from the dismissal of the first petition was final. However, the district attorney urges us to find that any request for relief is moot because this Court subsequently affirmed the dismissal of the first petition.
We do not agree. The circuit court had no jurisdiction to dismiss the January 2001 petition while the dismissal of Bogan’s September 2000 petition was pending on direct appeal. See Barnes v. State, 621 So.2d 329 (Ala.Crim.App.1992). “ ‘The general rule is that jurisdiction of *306 one case cannot be in two courts at the same time.’ ” Rogers v. State, 782 So.2d 847 (Ala.Crim.App.2000), quoting Ex parte Hargett, 772 So.2d 481 (Ala.Crim.App.1999). The circuit court’s ruling dismissing the second petition was void for lack of jurisdiction.
This mandamus petition is due to be granted. The circuit court’s ruling dismissing the January 2001 petition is due to be, and is hereby, set aside. This Court affirmed the dismissal of Bogan’s September 2000 petition in April 2001, and we issued a certificate of judgment on May 8, 2001. Because the appeal of the dismissal of the September 2000 petition is final, the trial court is directed to issue a new ruling on Bogan’s January 2001 postconviction petition. If relief is denied, the appellant may appeal that ruling to this Court.
PETITION GRANTED.
COBB, BASCHAB, SHAW, and WISE, JJ., concur.