BASCHAB, Judge.
On February 28, 2000, the appellant, James Samuel Menefield, pled guilty to unlawful possession of a controlled substance (cocaine), and the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See § 13A-5-9(c)(1), Ala.Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on November 7, 2000. See Menefield v. State, (CR-99-1265, October 20, 2000) 820 So.2d 169 (Ala.Crim.App.2000) (table). On September 18, 2000, the appellant filed a Rule 32 petition, challenging his conviction. On October 12, 2000, after the State responded, the circuit court summarily denied the petition. The appellant filed notice of appeal, but this court dismissed the appeal, stating, “[Bjecause the trial court’s judgment denying the petition is null and void based on this Court’s holding in Barnes v. State, 621 So.2d 329 (Ala.Crim.App.1992), the Court of Criminal Appeals ORDERS that this appeal be and the same is hereby DISMISSED.” (S.C.R. 62 / CR-00-0189.) On November 15, 2000, the appellant filed a motion to amend his petition, and the State responded. On January 4, 2001, the circuit court entered the following order: “The RULE 32 PETITION filed by the Petitioner, pro se, is DENIED. This is a successive petition.” (C.R. 79.) On January 10, 2001, the appellant filed a motion for reconsideration, which the circuit court summarily denied. This appeal followed.
The appellant argues that, because the circuit court’s October 12, 2000, ruling on his petition was null and void, its January 4, 2001, ruling that his petition was successive was erroneous. We agree. Accordingly, we remand this case to the circuit court with instructions that that court address the claims the appellant raised in his petition and his amendment thereto. If necessary, the circuit court may conduct an evidentiary hearing on those claims. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s findings as to the appellant’s contentions *1067 and a transcript of the evidentiary hearing, if any.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On December 14, 2001, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 4, 2002, that court denied rehearing, without opinion. On June 14, 2002, the Supreme Court quashed the writ of certiorari, without opinion (1010790).