I reluctantly concur with the main opinion, which reverses the trial court's denial of Wilson's Rule 32, Ala.R.Crim.P., petition and the trial court's imposition of a sentence of life imprisonment without parole as mandated by § 13A-12-231(3)d., Ala. Code 1975. This was not a decision I entered into lightly. Indeed, I, like each member of this Court, struggled over this case for some time. I am deeply troubled by the procedure used to create the record before us on appeal. This Court, in effect, has used a petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., to preserve for appellate review an issue that was not raised on the record during Wilson's trial. However illogical such a procedure may seem, it has its genesis in Barnes v. State,621 So.2d 329 (Ala.Crim.App. 1992). I was not a member of this Court whenBarnes was decided, nor was I a member of this Court when, on the authority of Barnes, it stayed Wilson's direct appeal, transferred jurisdiction of the cause to the circuit court for adjudication of the Rule 32 petition, and ordered that the record on appeal be supplemented with a transcript of the Rule 32 proceedings.
While I have grave concerns about the propriety of this Court's decision in Barnes, the fact remains that Barnes was decided before Wilson's case was before us. Therefore, the procedure set out in Barnes
was available to Wilson. I cannot fault Wilson or her attorneys for using every available opportunity to present her appeal in the most favorable light, including taking advantage of the procedural *Page 783 
quagmire this Court created with the Barnes opinion. For this reason, I would welcome the opportunity to revisit Barnes. However, for purposes of this appeal, we are bound by the record this Court allowed to be created when it stayed Wilson's direct appeal. Moreover, by staying the direct appeal, this Court led Wilson to believe that we would consider the merits of her claim. Thus, I believe that this Court cannot now decide that the issue was not preserved because it did not appear on the record during Wilson's trial.
I disagree with Judge Shaw's conclusion in his dissent that this Court's decision is based on the fact that Wilson is a mother of two young children. My decision would have been the same, regardless of the defendant's personal circumstances. Indeed, in deciding that Wilson's sentence violated the prohibition against cruel and unusual punishment contained in the Eighth Amendment of the United States Constitution and Art. I, § 15, of the Alabama Constitution of 1901, I was influenced by the analysis set out by Justice Kennedy in his special concurrence inHarmelin v. Michigan, 501 U.S. 957 (1991). Citing Solem v. Helm,463 U.S. 277 (1983), and other decisions, Justice Kennedy noted that a defendant's sentence must be proportionate to the crime,501 U.S. at 997-1000; he then applied this principle to his review of the severe length and mandatory nature of the defendant's sentence. Ultimately, Justice Kennedy concluded that the sentence imposed in Harmelin did not violate the prohibition against cruel and unusual punishment. He noted:
 "The Michigan scheme does possess mechanisms for consideration of individual circumstances. Prosecutorial discretion before sentence and executive or legislative clemency afterwards provide means for the State to avert or correct unjust sentences. Here the prosecutor may have chosen to seek the maximum penalty because petitioner possessed 672.5 grams of undiluted cocaine[17] and several other trappings of a drug trafficker, including marijuana cigarettes, four brass cocaine straws, a cocaine spoon, 12 Percodan tablets, 25 tablets of Phendimetrazine Tartrate, a Motorola beeper, plastic bags containing cocaine, a coded address book, and $3,500 in cash."
501 U.S. at 1008 (emphasis supplied).
Here, just as in Harmelin, Wilson faces a mandatory sentence of life imprisonment without the possibility of parole — the second most severe sentence permitted by law. Unlike the statute in Harmelin, §13A-12-231(3)d., does not provide "mechanisms for consideration of individual circumstances." 501 U.S. at 1008. Thus, the statute allows neither the prosecutor nor the court any discretion in the sentence to be imposed on conviction. Moreover, there is no evidence that Wilson possessed any of the trappings of a drug trafficker. Indeed, she appeared to be unaware of the value of the morphine; she sold it to an undercover officer for his suggested price of $150, receiving only part of the agreed-upon price at the time of the transaction and the officer's promise to pay her the remainder at a later date. This cannot be said to be the conduct of a veteran drug trafficker. Thus, I am compelled to conclude that the *Page 784 
mandatory sentence of life imprisonment without possibility of parole as imposed against Wilson violates the prohibition against cruel and unusual punishment.
[17] "This amount of pure cocaine has a potential yield of between 32,500 and 65,000 doses." 501 U.S. at 1002.