This appeal presents the issue whether a podiatrist is a "medical practitioner" as contemplated by Code 1975, § 6-5-482. If so, Plaintiffs'[1] causes of action are covered by the Alabama Medical Liability Act's two-year period of limitations. If not, Plaintiffs' claims are time-barred, and the summary judgment appealed from is due to be affirmed.[2]
 RELEVANT STATUTES
Section 6-5-481, the definitional section of the Medical Liability Act, provides the following definitions:
 "(1) MEDICAL PRACTITIONER. Anyone licensed to practice medicine or osteopathy in the state of Alabama, engaged in such practice, including medical professional corporations, associations and partnerships.
 "(2) DENTAL PRACTITIONER. Anyone licensed to practice dentistry in the state of Alabama, engaged in such practice, including professional dental corporations, associations and partnerships.
 "(3) MEDICAL INSTITUTION. Any licensed hospital, or any physician's or dentist's office or clinic containing facilities for the examination, diagnosis, treatment or care of human illnesses.
 "(4) PROFESSIONAL CORPORATION. Any medical or dental professional corporation or any medical or dental professional association.
 "(5) PHYSICIAN. Any person licensed to practice medicine in Alabama. *Page 668 
 "(6) DENTIST. Any person licensed to practice dentistry in Alabama.
 "(7) HOSPITAL. Such institutions as are defined in section 22-21-21 as hospitals.
 "(8) OTHER HEALTH CARE PROVIDERS. Any professional corporation or any person employed by physicians, dentists or hospitals who are directly involved in the delivery of health care services."
The licensing provision of the Code, contained in § 34-24-50, provides:
"The `practice of medicine or osteopathy' means:
 "(1) To diagnose, treat, correct, advise or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, by any means or instrumentality;
 "(2) To maintain an office or place of business for the purpose of doing acts described in subdivision (1), whether for compensation or not;
 "(3) To use, in the conduct of any occupation or profession pertaining to the diagnosis or treatment of human disease or conditions, the designation `doctor,' `doctor of medicine,' `doctor of osteopathy,' `physician,' `surgeon,' `physician and surgeon,' `Dr.,' `M.D.' or any combination thereof unless such a designation additionally contains the description of another branch of the healing arts for which a person has a license."
Section 34-24-230, the definitional section relating to the licensing of podiatrists, provides:
 "For purposes of this title, the following terms shall have the respective meanings ascribed by this section:
 "(2) PRACTICE OF PODIATRY. The diagnosis and medical or surgical or mechanical or manipulative or electrical treatment of any ailment of the human foot except such definition does not include the amputation of the foot or the administering of an anesthetic other than local."
 OPINION
The parties' arguments in support of their opposing positions are simple and straightforward. Appellee/Defendant argues that he is not a "medical practitioner" as defined by § 6-5-481 (1)(i.e., that he is not licensed to practice medicine or osteopathy in the state of Alabama); therefore, he says, he is not subject to the Medical Liability Act and its two-year period of limitations. Appellants/Plaintiffs argue that even though Defendant is not licensed by the Alabama Board of Medical Examiners to practice medicine or osteopathy, the legislative intent to include podiatrists in the Medical Liability Act's coverage may be found by reading the definition of the "practice of medicine or osteopathy" in § 34-24-50 (1) in conjunction with the definition of the "practice of podiatry" in § 34-24-230 (2).
We agree with Plaintiffs that the "practice of podiatry," as defined in § 35-24-230 (2), appears to be merely a more specialized "practice of medicine or osteopathy," as defined in § 34-24-50 (1). Yet, as Defendant argues, he actually is not licensed to practice medicine or osteopathy in Alabama, the prerequisite for being a "medical practitioner" covered by the Medical Liability Act. Indeed, candidates for the practice of podiatry are examined and certified for the issuance of podiatric licenses pursuant to § 34-24-250 et seq., and are expressly exempt from examinations administered by the Board of Medical Examiners. Section 34-24-233.
Likewise, we do not find support for Plaintiffs' contention for inclusion of podiatrists within the scope of the Act in the broader definition of "other health care providers." Section6-5-481 (8). While the general term "health care provider" is used in other acts and in other contexts to embrace a wide range of health-oriented personnel, the use of this term in the Medical Liability Act is confined to "[a]ny professional corporation or any person employed by physicians, dentists or hospitals who are directly involved in the delivery of health *Page 669 
care services." Id. Clearly, Dr. Picou does not fall within this definition.
Thus, we must find that the legislature intended to exclude podiatrists from the Medical Liability Act's coverage. This finding is bolstered by the Act's express coverage of the practice of dentistry, § 6-5-481 (2), since the qualifications and licensure of those practicing dentistry are controlled by a separate board, pursuant to § 34-9-1 et seq. Just as dentists are included by the Act in its application to "anyone licensed to practice medicine or osteopathy," anyone licensed to practice podiatry also could have been included within the scope of the Act. Although we might doubt the wisdom or question the logic of this plain intent to exclude the practice of podiatry, our interpretative role mandates that we find the meaning of a statute in its text and the intent of its framers.
Having found that the legislature intended that podiatrists not be subject to the Medical Liability Act and its two-year period of limitations, we affirm the trial court's summary judgment granted on the basis that the claims are time-barred.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
[1] The primary plaintiff is Dorothy Sellers, who claims that the Defendant negligently performed surgery on her feet. Her husband's derivative claim seeks damages for medical expenses and loss of consortium.
[2] The suits were filed more than one year, and less than two years, after the surgery.