This is an appeal from a summary judgment in favor of the defendant, Wayne McCormeck. McCormeck is a chiropractor. On August 29, 1983, the plaintiff, Robert Baker, went to McCormeck to be treated for neck pain and headaches. After his treatment by McCormeck he began displaying symptoms of a stroke. Later, he was diagnosed as having suffered a stroke. He filed a claim of negligence and wantonness against McCormeck on June 14, 1985. The trial court granted McCormeck's motion for summary judgment on the grounds that the claim was barred by the statute of limitations. On appeal, Baker argues that the trial court erred when it permitted McCormeck to amend his answer and that his claim should not be barred by the statute of limitations. We affirm.
 I.
Baker first argues that the trial court should not have allowed McCormeck to amend his answer. About a week before the trial, McCormeck amended his answer to add the affirmative defense of the statute of limitations. This was over one year after the filing of the plaintiff's claim. Rule 15(a), A.R.Civ.P., allows amendment to pleadings at any time when justice so requires. Ex parte Tidmore, 418 So.2d 866 (Ala. 1982). The trial court's decision allowing the amendment will be reversed only upon a showing of an abuse of discretion.Matthews Bros. Const. Co. v. Lopez, 434 So.2d 1369 (Ala. 1983). In the present case, Baker argues that the amendment should not have been allowed, as it came over a year after the filing of the claim and one week before trial. We do not find, and Baker fails to allege, specific abuse of discretion by the trial court in allowing McCormeck's amendment.
 II.
Baker next argues that the appropriate statute of limitations should be the two-year statute of limitations, and not the one-year statute of § 6-2-39, Code of Alabama (1975). He argues that § 6-5-482, setting a two-year statute of limitations for physicians, should also apply to chiropractors. In Sellers v.Picou, 474 So.2d 667 (Ala. 1985), we held that a podiatrist was not to be included under the § 6-5-482 definition of those covered thereunder, in that a podiatrist is not licensed to practice medicine or osteopathy in Alabama. Likewise, McCormeck is not licensed to practice medicine or osteopathy in the State of Alabama. As pointed out in Sellers, supra, the Medical Liability Act, § 6-5-480 et seq., applies to "[a]ny professional corporation or any person employed by physicians, dentists or hospitals who are directly involved in the delivery of health care services." § 6-5-481(8). In Sellers, supra, we noted specifically that the legislature provided express coverage for dentistry, even though the practice of dentistry is controlled by a separate board. The opinion goes on to state that podiatry "could have been included within the scope of the Act." 474 So.2d at 669. The same analysis and logic applies to this case. The legislature could have included chiropractors in the coverage of the Medical Liability Act if it had seen fit to do so. However, it did not. Therefore, the trial court was correct in ruling that Baker's claim was time barred.
AFFIRMED.
JONES, ALMON, SHORES and STEAGALL, JJ., concur.