The appellant, Glenn Edward Jackson, appeals from the denial, after an evidentiary hearing, of his Rule 32, A.R.Crim.P., petition.
In 1988, the appellant was convicted of capital murder and was sentenced to life imprisonment without possibility of parole. His conviction was affirmed on direct appeal to this Court. See Jackson v. State, 549 So.2d 616
(Ala.Cr.App. 1989). His application for rehearing was overruled on August 25, 1989. No petition for writ of certiorari was filed in the Alabama Supreme Court, and the certificate of judgment was issued on September 12, 1989. See Rule 41(a), A.R.App.P.
On January 31, 1992, the appellant filed a petition for post-conviction relief pursuant to Rule 32, alleging four grounds for overturning his conviction, namely that: (1) his confession was coerced; (2) he was unlawfully arrested; (3) his privilege against self-incrimination was violated, and (4) he was denied the effective assistance of counsel at trial and on appeal.
The voluntariness of the appellant's confession was raised and addressed on appeal, see Jackson v. State,549 So.2d at 619-20, and is therefore precluded from collateral review by Rule 32.2(a)(4). The legality of the appellant's arrest and the alleged violation of his right against self-incrimination are both matters that could have been, but were not, raised on appeal, and are thus precluded from collateral attack by Rule 32.2(a)(5). Furthermore, the appellant filed his Rule 32 petition over four months beyond the two-year statute of limitations set out in Rule 32.2(c).
According to Rule 32.7, the district attorney had 30 days to file a response to the petition. However, before that 30-day period had elapsed, the circuit court set the petition for a hearing.
On April 30, 1992, an evidentiary hearing was conducted. At the conclusion of all the testimony at that hearing, the district attorney stated that he wanted to "renew [his] motion" to dismiss the petition on the ground that the statute of limitations had run. R, 66. However, we can find no indication in the record before us that the district attorney ever made an earlier motion on this basis.
Generally, the statute of limitations is an affirmative defense that must be affirmatively pleaded or it is waived. SeeCox v. State, 585 So.2d 182, 193 (Ala.Cr.App. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 1676, 118 L.Ed.2d 394
(1992). We need not determine whether the State waived either the time bar set out in Rule 32.2(c), or the preclusionary provisions of Rule 32.2(a)(4) and 32.2(a)(5), by failing to file a response to the petition, or to raise those barriers to collateral attack until the conclusion of the evidentiary hearing. With the exception of one claim, the circuit court decided all issues raised by the appellant on the merits. The circuit court's order, which is attached as an appendix to this opinion, is supported by the record and is due to be upheld.
The circuit court did not address, either procedurally or on the merits, the appellant's claim that his attorneys rendered ineffective assistance by failing to file a petition for writ of certiorari in the Alabama Supreme Court. That claim, however, is non-meritorious as a matter of law and is due to be denied, irrespective of any procedural bar.
"[T]he right to effective assistance of counsel is dependent on the right to counsel itself." Evitts v. Lucey,469 U.S. 387, 396 n. 7, 105 S.Ct. 830, 836 n. 7, 83 L.Ed.2d 821
(1985). There is no constitutional right to counsel on a discretionary appeal to the state supreme court. Ross v.Moffitt, 417 U.S. 600, 610, 94 S.Ct. 2437, 2443,41 L.Ed.2d 341 (1974); Wainwright v. Torna, 455 U.S. 586,587, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475 (1982)). "Review by certiorari is entirely discretionary with our Supreme Court (except in [cases in which the death penalty has been imposed]). See A.R.A.P. Rule 39." Kinsey v. State,545 So.2d 200, 203 (Ala.Cr.App. 1989). *Page 1358 
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
 APPENDIX In the Circuit Court of Clarke County, Alabama: Glenn Edward Jackson, Defendant/Petitioner, vs. State of Alabama, Respondent. Case No. CC-87-128.60 K ORDER
This cause came on to be heard on the 30th day of April, 1992, on the Petition for Relief from Conviction or Sentence filed by the petitioner, Glenn Edward Jackson. The petitioner appeared in open court together with his present court-appointed attorney, Phillip E. Mason, and the State of Alabama was represented by its District Attorney, the Honorable Robert D. Keahey. Testimony was taken and evidence was presented, and the same being considered and understood, the Court makes the following findings of fact:
1. That the petitioner's conviction was not obtained by the use of a coerced confession. In fact, in the opinion authored by Judge Tyson in the appeal of the petitioner's original conviction to the Court of Criminal Appeals of the State of Alabama, the said Court specifically found that the petitioner's confession was voluntary. Additionally, this Court, considering the testimony and evidence presented this date, specifically finds and concludes that the petitioner's confession was not coerced, but rather, his said confession was voluntary;
2. That the petitioner's conviction was not obtained by use of evidence obtained pursuant to an unlawful arrest. This Court finds that the arrest of the petitioner was not unlawful, and further, there was no evidence or testimony presented in this hearing which was not known, or which could not have been ascertained at the time of the trial which resulted in the defendant's conviction;
3. That the defendant's conviction was not obtained by a violation of the privilege against self-incrimination. Again, the Court of Criminal Appeals, in its opinion from the conviction in this cause, noted that the petitioner was advised of his Miranda constitutional rights, and the said Court further found that the petitioner clearly understood his constitutional rights. Nothing presented at the hearing this date indicates to the Court that the defendant's conviction was obtained by a violation of the privilege against self-incrimination;
4. That the petitioner was not denied the effective assistance of counsel. The petitioner was represented at trial and on his appeal by two (2) experienced court-appointed trial attorneys. These attorneys may not have chosen to pursue the same trial tactics that were agreeable and/or consented to by the petitioner, but in no way were either of these attorneys ineffective. The attorneys had some difficulty communicating with the petitioner at one point in time prior to the trial in this cause, but that factor could be attributable to the lack of cooperation by the petitioner himself with his court-appointed attorneys at that time. Although the petitioner was convicted at the trial of this cause, his court-appointed attorneys were definitely effective in that his conviction resulted in the imposition of a sentence of life without parole as opposed to the death penalty. A review of the record of all the proceedings in this case reveals that petitioner's attorneys were diligent and efficient in providing the petitioner with adequate and effective legal representation.
It is, therefore, ORDERED, ADJUDGED, and DECREED that petitioner's Petition for Relief from Conviction or Sentence, be, and the same hereby is, denied.
DONE this 30th day of April, 1992.
 /s/ Hardie B. Kimbrough
Hardie B. Kimbrough, Presiding Judge First Judicial Circuit of Alabama 5-04-92
DISTRIBUTION:
District Attorney *Page 1359 
Glenn Edward Jackson
Phillip E. Mason