This is an appeal from the denial of a petition for post-conviction relief. The petitioner challenges his 1990 guilty plea convictions for rape in the first degree and burglary in the second degree. He alleges that he was not given notice of his right to appeal and that he was subjected to double jeopardy because both offenses arose out of the same transaction.
The following entries appear on the case action summary:
 "9/22/92 Ruling by the Court is temporarily withheld pending petitioner filing appropriate documents supporting the issues which he raises. Failure to meet these requirements within a 45 day period will result in a dismissal of the petition.
 "10/13/92 Notification for an evidentiary hearing (lt).
 "10/13/92 Failure by petitioner to file any appropriate documents supporting his allegations; [t]he petition is denied." CR. 26 (emphasis added).
The record contains no explanation for the circuit court's dismissal of the petition 21 days after allowing the petitioner45 days in which to file documents supporting his allegations. Fundamental fairness dictates that the judgment of the circuit court denying the petition on this ground must be reversed.
On appeal, the attorney general argues that the petition was filed beyond the two year period of limitations set out in Rule 32.2(c). However, in its motion to dismiss (which was itself untimely filed[1]), *Page 399 
the district attorney merely denied the allegations of the petition and did not raise any ground of preclusion. "The state shall have the burden of pleading any ground of preclusion." Rule 32.3, A.R.Crim.P. The state clearly did not meet its burden in this case. Consequently, the appellant was not put on notice that the state was relying on preclusion based upon the period of limitations. See Back v. State, 580 So.2d 588
(Ala.Cr.App. 1991).
The judgment of the circuit court denying the petition for post-conviction relief is reversed. This cause is remanded to the circuit court for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] Rule 32.7, A.R.Crim.P. provides in pertinent part that "[w]ithin thirty (30) days after the service of the petition, or within the time otherwise specified by the court, the district attorney . . . shall file with the court and send to the petitioner . . . a response." The petition in this case was filed on June 26, 1992. The case action summary recites for that same date: "Acknowledgment to DA w/copy of petition (lt)." CR. 26. The district attorney's "Answer and Motion to Dismiss" was not filed until August 18, 1992, which was 53 days later, and was clearly untimely. See Holland v. State, [Ms. CR 91-1421, January 22, 1993], 1993 WL 10359 (Ala.Cr.App. 1993).