Daniel SIEBERT, Petitioner,

v.

Michael HALEY, Commissioner of the
Department of Corrections,
Respondent.

No. CIV.A. 01–A–1097–E.

United States District Court,
M.D. Alabama,
Eastern Division.

March 14, 2002.

LaJuana S. Davis, Equal Justice Initiative of Alabama, Montgomery, for Daniel Siebert plaintiffs.

James Roy Houts, Attorney General's Office, State of Alabama, Montgomery, William H. Pryor, Jr., [Pro se], Office of the Attorney General, Montgomery, for Michael Haley, Commissioner, Alabama Department of Corrections, Charlie E. Jones, Warden, William H. Pryor, Jr., The Attorney General of the State of Alabama, defendants.

ALBRITTON, Chief Judge.

### *MEMORANDUM OPINION*

### I. INTRODUCTION

Daniel Siebert ("the Petitioner"), an Alabama inmate under sentence of death, filed a petition in this court for writ of habeas corpus under 28 U.S.C. § 2254. The State

of Alabama ("State") has filed a Motion to Dismiss (Doc. # 8), asserting that the Petitioner has failed to petition the court within the one year statute of limitations for habeas petitions established in 28 U.S.C. § 2244(d), part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). The Petitioner asserts that the statute of limitations was tolled pursuant to § 2244(d)(2), and that his federal habeas corpus petition is therefore timely.

### II. FACTS

The Petitioner on June 17, 1987 was convicted in the Circuit Court of Lee County, Alabama of capital murder for the murders of Sherri, Joseph, and Chad Weathers, and sentenced to death on August 19, 1987. The Petitioner's conviction was affirmed on appeal. *See Siebert v. State,* 555 So.2d 772 (Ala.Crim.App.1989), *aff'd, Ex Parte Siebert,* 555 So.2d 780 (Ala. 1989). The Alabama Court of Criminal Appeals issued a certificate of judgment on January 3, 1990.[1] Tab 12, Vol. 8, CR 543. A Petition for Writ of Certiorari was denied by the United States Supreme Court on June 28, 1990. *Siebert v. Alabama,* 497 U.S. 1032, 110 S.Ct. 3297, 111 L.Ed.2d 806 (1990).

The Petitioner then filed a Petition for Relief from Conviction and Sentence of Death pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on June 25, 1992 ("Rule 32").[2] The Rule 32 petition

---

1. Although in his brief the Petitioner states that the certificate of judgment was entered on May 22, 1990, the Petitioner appears to be referring to the certificate of judgment issued in another capital conviction which was consolidated by the Rule 32 court with the conviction challenged here.

2. There is some question as to when the petition was filed in Lee County. In the Petition, the Petitioner states it was filed on June 25, 1992. Petition at ¶ 13. In the brief, the Petitioner states that it was filed on June 26, and

cites this court to a document, the first page of which bears the filed stamped date June 30, 1992. The Court of Criminal Appeals referred to June 30 as the date upon which the petition was filed. The difference between these dates made no difference in the Court of Criminal Appeals' determination, however. *See Siebert v. State,* 778 So.2d 842, 847 (Ala.Crim.App.1999). The State admitted in its Answer that the 25th was the date of filing in Lee County. *See* Answer at ¶ 13. Therefore, the court will accept that June 25, 1992 was the filing date.

was filed within two years of the denial of certiorari by the United States Supreme Court, but was filed after two years had passed since the Alabama Court of Criminal Appeals issued a certificate of final judgment. Alabama Rule of Criminal Procedure 32(c) provides that petitions must be filed within two years after the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals.

The State answered the Rule 32 petition on July 27, 1992. The State did not initially raise the issue of the statute of limitations. In fact, the State initially conceded that there should be an evidentiary hearing on the issue of ineffectiveness of counsel.

The Petitioner made technical amendments to his Rule 32 claim on March 29, 1995. An evidentiary hearing was begun in the Circuit Court for Lee County on April 3, 1995. On April 4, 1995, the State requested leave to file an Amended Answer. The leave to file was granted the same day. The State submitted its Amended Answer in which the State asserted for the first time the statute of limitations as an affirmative defense. The evidentiary hearing concluded April 5, 1995.

Following the evidentiary hearing, the Rule 32 court requested a proposed memorandum opinion from the State. The circuit court adopted the State's proposed opinion in its entirety in its opinion issued on December 29, 1998. In this opinion, the circuit court discussed the merits of the Rule 32 petition in great detail, but also concluded that, based on the plain language of Rule 32, the Rule 32 petition was not submitted in the requisite time period. Tab 12, Vol. 10, CR. 878–81. The circuit court also found that the State did not waive the statute of limitations defense because an amended pleading is allowed to relate back to the date of the initial filing. *Id.*

The Petitioner subsequently appealed this decision to the Alabama Court of Criminal Appeals. The Court of Criminal Appeals affirmed the ruling of the Rule 32 court. *Siebert v. State,* 778 So.2d 842 (Ala. Crim.App.1999). After concluding that the Petitioner received a fair trial, the Alabama Court of Criminal Appeals also held that the circuit court should not have addressed the merits because of the procedural time bar. *Siebert,* 778 So.2d at 846–47. The appellate court found that the Rule 32 petition was barred by the statute of limitations contained in Alabama Rule of Criminal Procedure 32.2(c). *Id.* It held that the statute of limitations begins running from the date the Alabama Court of Criminal Appeals issues the certificate of judgment. *Id.* The Alabama Supreme Court denied certiorari on September 15, 2000.

The Petitioner filed the Petition for Writ of Habeas Corpus in this court on September 14, 2001, one day short of a year after the Alabama Supreme Court's denial of certiorari as to the Rule 32 petition.

## III. DISCUSSION

The AEDPA provides the applicable statute of limitations in this case. Section 2244(d) of the AEDPA was enacted April 24, 1996. This section of the AEDPA provides that:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or

laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

 \* \* \* \* \* \*

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). For any case concluded after April 24, 1996, the AEDPA imposes a one year statute of limitations for a federal habeas petition, running from the date when direct review is finalized. Any case that became final prior to April 24, 1996 receives a one year grace period. *See Goodman v. U.S.*, 151 F.3d 1335, 1337 (11th Cir.1998) (a petition based on any case that becomes final prior to the enactment of § 2244(d) must be filed by April 23, 1997). In either situation, the statute of limitations is tolled during the pendency of a "properly filed application for State post conviction or other collateral review…." 28 U.S.C. § 2244(d)(2); *Guenther v. Holt*, 173 F.3d 1328 (11th Cir.1999). The State has moved to dismiss, arguing that the instant petition was not filed within the statute of limitations because it was not filed within a year of the effective date of the AEDPA, and no properly filed state

court petition tolled the running of the limitations period.

In opposition to the Motion to Dismiss, the Petitioner states that there are three arguments which support a finding that his petition was timely filed in this court: (1) the Petitioner filed his habeas petition within the one-year statute of limitations after exhausting his state remedies; (2) the state procedural bar that the State seeks to enforce is inadequate because previous Alabama law held that Rule 32 relief could not be sought until a conviction was "final," finality being the end of United States Supreme Court certiorari review; and (3) Alabama's application of Rule 32's two-year statute of limitations is also inadequate to preclude federal habeas review because the procedural bar has not been consistently applied. Petitioner's Memorandum of Law, page 4. The court will address each of these arguments in turn.

A. Petitioner's Argument that the Petition is Timely Because Filed Within One Year of the End of Supreme Court Review [3]

The Petitioner contends that the instant petition is timely. The Petitioner asserts essentially two bases for this argument: one, that he could not have filed his federal petition during the pendency of his state law case because of the requirement that state law remedies be exhausted, and two, that the AEDPA statute of limitations was tolled because he had a pending state law petition for collateral review. The latter of these two arguments is also based on additional arguments, which will be discussed more fully below.

The Petitioner points to provisions of the AEDPA which provide that an applica-

---

**3.** The court has adopted the argument headings used by the Petitioner in order to properly characterize the Petitioner's arguments.

tion for a writ of habeas corpus shall not be granted by a federal court unless it appears that the applicant has exhausted remedies available in the courts of the state, and that an applicant will not have exhausted remedies available in the courts of the state if he has a right to raise the questions presented. *See* 28 U.S.C. § 2254(b)(1)(A), 2254(c).

According to the Petitioner, he was obliged to appeal the adverse ruling in state court to the Alabama Court of Criminal Appeals and the Alabama Supreme Court, and had not exhausted his state law remedies until the Alabama Supreme Court denied certiorari on September 15, 2000. Therefore, according to the Petitioner, he could not have filed his federal petition until the denial of certiorari by the Alabama Supreme Court.

The State's response to this argument is that the Petitioner presents a false conflict within the AEDPA. The State points to *Mincey v. Head*, 206 F.3d 1106, 1123 n. 30 (11th Cir.2000), wherein the court noted that some of the petitioner's claims were deemed exhausted even though the state courts had not passed on their merits because the petitioner no longer had the right to litigate them in state court.

It is unclear from *Mincey* that the bar to the petitioner's claim in that case would be analogous to the bar alleged by the State in this case because, if the bar in *Mincey* was as to his right to seek to exhaust his state law claims after having already filed a petition in federal court, it seems that this would be a different situation than that presented in this case where the petitioner was unable to litigate claims in state court because the lowest level of state court deemed the claims barred by the statute of limitations.

A possible way to have avoided the alleged tension between the AEDPA statute of limitations and exhaustion requirement would have been for the Petitioner to file

his petition for writ of habeas corpus in this court after the Alabama Court of Criminal Appeals issued a certificate of judgment, and before the expiration of the AEDPA grace period, move to stay the federal petition to allow the Petitioner to exhaust his state law remedies through the appeal of the Rule 32 petition. *See Duncan v. Walker*, 533 U.S. 167, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001) (Stevens, J. concurring) ("there is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies"). As that was not accomplished here, however, this court must determine whether the Petitioner's failure to do so bars his right to proceed in this court.

The Eleventh Circuit has specifically held that a state postconviction petition must meet state filing deadlines in order to be "properly filed" and toll the AEDPA statute of limitations. *Webster v. Moore*, 199 F.3d 1256, 1258 (11th Cir.2000). This conclusion is consistent with the United States Supreme Court's subsequent determination that an application is properly filed when its delivery and acceptance are in compliance with applicable laws and rules governing filings, which may "prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000); *see also Delancy v. Florida Department of Corrections*, 246 F.3d 1328, 1330 (11th Cir.2001).

■ In this case, if the initial ruling that the Rule 32 petition was untimely had been ultimately overturned by the Alabama Supreme Court, then it might make sense to say that there was a properly filed collateral proceeding and the habeas statute was tolled until the Alabama Su-

preme Court ruled. *Delancy*, 246 F.3d at 1331. In this case, however, the Alabama Supreme Court ultimately denied certiorari. Accordingly, the lower court rulings that the petition was untimely stand, and the AEDPA statute of limitations would not have been tolled for any of the time in which the Rule 32 case was pending. To allow the Petitioner to file the habeas corpus petition in this court based on tolling until the time of the denial of certiorari by the Alabama Supreme Court would in effect allow the time for filing of the federal petition to have been tolled while an untimely petition was pending, which is in contravention of the concept of "properly filed" having a meaning which includes being filed in accordance with timing requirements, such as the state statute of limitations. Therefore, in the words of the United States Supreme Court, the Petitioner's claim was *"pending,* but not *properly filed."* *Artuz*, 531 U.S. at 9, 121 S.Ct. 361 (emphasis in original).

The court recognizes that this result could mean that the Petitioner should have filed his federal habeas corpus petition before his Rule 32 petition was ruled untimely by the Rule 32 court. While this may seem problematic, the alternative would be to conclude that the AEDPA statute was tolled until the Petitioner knew that his claim was time-barred, that is, until the Rule 32 court ruled on the statute of limitations defense. Such a conclusion appears to be contrary to *Hoggro v. Boone*, 150 F.3d 1223 (10th Cir.1998), a case relied upon by the Eleventh Circuit in *Webster*, however, in which the court only counted toward tolling the AEDPA's one year limitation the time that the petitioner's timely filed petition for post-conviction relief was pending before the lower court, and not the time during which he appealed the denial of his application for post-conviction relief, because the appeal was ultimately ruled to be untimely. *Id.* at 1227 n. 4. The key for being properly filed does not ap-

pear to hinge on whether the Petitioner knew that his claim was time-barred, but whether it was in fact timely.

Although the Petitioner contends that the AEDPA runs afoul of the exhaustion requirement, the tolling provision only allows for the statute of limitations to be tolled when there is a properly filed initial petition for relief in the state court. The analysis in the Eleventh Circuit for tolling purposes focuses on whether the initial petition for state court relief was timely, not the subsequent appeals from a decision by the state court. *See Hurley v. Moore*, 233 F.3d 1295, 1297 (11th Cir.2000)(examining only whether initial petition was timely filed and placing no significance on the appeals from the state court's determination that the initial petition was not timely filed). The court must conclude, therefore, that the exhaustion requirement does not obviate the rule that to toll the statute of limitations, a state court petition must be in accordance with the timing requirements of the state.

The court now turns to the Petitioner's argument that his federal petition was filed within the AEDPA statute of limitations, irrespective of the exhaustion issue. The judgment in the Petitioner's case became final by the conclusion of direct review, for purposes of the AEDPA, prior to the enactment of § 2244(d). Unless the statute of limitations is tolled, the Petitioner's claim became time barred on April 23, 1997, after the one year grace period following the effective date of the AEDPA expired. If the Petitioner's application for postconviction relief in state court was "properly filed," the AEDPA statute of limitations was tolled, and the Petitioner's claims in this court would be timely. The State does not dispute that the petition would be timely if the application for state relief was properly filed. *See* 28 U.S.C. § 2244(d)(2). The State has argued that

the Petitioner's state application for post conviction relief was not "properly filed" because it was itself untimely. So, the issue is whether the Rule 32 petition was time-barred at the time it was filed, and thus not properly filed.

The Petitioner's Rule 32 petition was ruled by the state trial court to be time-barred under the clear language of the statute of limitations contained in Alabama Rule of Criminal Procedure 32.2(c) because it was not filed within two years from the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals, even though a petition for writ of certiorari was pending before the United States Supreme Court at that time. This determination was upheld on two alternative grounds. *See Siebert v. State*, 778 So.2d 842, 848–49 (Ala.Crim.App.1999)(holding that trial court was correct to allow amendment to assert the statute of limitations and that the statute of limitations could have been applied even if the state had not raised it).

■ Determinations by a state court on issues of timeliness are entitled to the same level of deference as that afforded to determinations by state courts of procedural default. *See Webster v. Moore*, 199 F.3d 1256, 1259 n. 4 (11th Cir.2000). That is, a state court's rule is entitled to deference unless it is not firmly established and regularly followed. *Id.* at 1259 n. 4; *see also Hathorn v. Lovorn*, 457 U.S. 255, 263, 102 S.Ct. 2421, 72 L.Ed.2d 824 (1982)(state procedural rule is not entitled to deference by a federal habeas court if the rule is not strictly or regularly followed). Accordingly, under this standard, if entitled to deference, the determination by the Alabama courts that the Petitioner's application for post-conviction relief was untimely means that his application was not properly filed, and the time in which to file his federal habeas corpus petition was not tolled. The Petitioner has argued that the state court's

determination of untimeliness is not entitled to deference on several bases. The court now turns to those arguments.

B. Petitioner's Argument That the State Procedural Bar That the State Seeks to Enforce Is Inadequate Because Previous Alabama Law Held That Rule 32 Relief Could Not Be Sought until a Conviction Was "Final," Finality Being the End of United States Supreme Court Certiorari Review.

■ A federal court is only barred by a state court procedural default from reviewing the constitutional claims of a habeas corpus petitioner if there is an adequate and independent state ground to support the state procedural default. *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). If a state rule is applied inconsistently, it does not constitute an adequate and independent state ground which precludes federal habeas corpus review. *James v. Kentucky*, 466 U.S. 341, 348, 104 S.Ct. 1830, 80 L.Ed.2d 346 (1984). A state court's determination that a state court petition is time-barred is entitled to the same deference to which a state court ruling on procedural default is entitled. *Webster*, 199 F.3d at 1259 n. 4. As earlier mentioned, only where the state law rule is not firmly established and regularly followed would that rule not be entitled to deference. *Id.*

The Petitioner has several arguments to support his claim that the rule applied in his case was not well-established. These include the following: previous law held that Rule 32 relief could not be sought until a conviction was final at the end of United States Supreme Court review, application of the rule in the Petitioner's case was retroactive, and the state court disregarded the law in Alabama that a statute of limitations defense is waivable.

■ In ruling that his Rule 32 petition was time-barred, the Rule 32 court and Alabama Court of Criminal Appeals determined that the statute of limitations ran from the time that the Alabama Court of Criminal Appeals issued a certificate of judgment. *See Siebert*, 778 So.2d at 849. The Petitioner, on the other hand, contended during his state court proceedings and contends before this court that the correct starting point for the running of the statute of limitations for a Rule 32 petition is the date of denial of certiorari by the Supreme Court of the United States.[4]

Rule 32.2(c) of the Alabama Rules of Criminal Procedure states, in relevant part,:

> (c) PERIOD OF LIMITATIONS. Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within two (2) years after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, A.R.App.P.; or (2) In the case of a conviction not appealed to the Court of Criminal Appeals, within two (2) years after the time for filing an appeal lapses.

The relevant time for the statute of limitations to begin running in this case revolves around the application of Rule 41 of the Alabama Rules of Appellate Procedure, which states in relevant part:

> (b) Stay of Certificate of Judgment Pending Petitions for Certiorari to Courts of Appeals. The timely filing of a petition for certiorari in the Supreme Court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until

the final disposition by the Supreme Court. Upon the filing of a copy of an order of the Supreme Court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately. If the time for the issuance of the certificate of judgment shall have been shortened pursuant to subdivision (a) hereof, the courts of appeals shall grant such relief, upon motion, as may be appropriate.

The Rule 32 court found that it was apparent from these two rules that the statute of limitations began running upon the issuance of the certificate of judgment by the Court of Criminal Appeals. The Court of Criminal Appeals followed the same rationale, and found that the plain language of the two statutes made the certificate of judgment the applicable date. *Siebert*, 778 So.2d at 848–49.

The Petitioner asserts that the Alabama Supreme Court has adopted the United States Supreme Court's definition of finality, that a case is only final after disposition by the United States Supreme Court. *See Griffith v. Kentucky*, 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). In *Ex parte Floyd*, 571 So.2d 1234 (Ala.1990), the Alabama Supreme Court held that a case is still pending on appeal and not final until a denial of certiorari by the United States Supreme Court. *Floyd*, 571 So.2d at 1235. The Petitioner cites *Daniels v. State*, 650 So.2d 544 (Ala.Crim.App.1994), for the proposition that the Alabama Court of Criminal Appeals has itself held that finality is determined by the United States Supreme Court and not Alabama. In *Daniels*, in discussing the history of the case, the Court of Criminal Appeals noted, "[t]he appellant's conviction and sentence became final, for purposes of direct appeal, on January 23, 1989, when the United States Supreme Court denied certiorari

---

4. Or the date of decision if the United States ⸱ Supreme Court grants certiorari.

review." *Id.* at 550. These cases do not, however, speak to the statute of limitations period for a Rule 32 petition.

The State does not contest that Alabama defines "finality" in a manner consistent with the United States Supreme Court definition for purposes of direct appeal. The State argues, however, that cases discussing finality for purposes of direct appeal are irrelevant because Rule 32 has a particular definition of "final," which is when the certificate of judgment is entered by the Alabama Court of Criminal Appeals. Although this is certainly clear on the face of Alabama Rule of Criminal Procedure 32.2(c), Alabama Rule of Appellate Procedure 41(b) complicates this analysis because it provides that the certificate of judgment should be stayed until a "final disposition by the Supreme Court." Ala. R.App. P. 41(b).

The Alabama Rules of Appellate Procedure do not define "Supreme Court." Of course, from a common sense perspective, the mere fact that the term is used in the Alabama rules governing appellate procedure would seem to indicate that the term refers to the supreme court of the State of Alabama. A review of the Alabama Rules of Appellate Procedure supports this common sense view, in that the term "Supreme Court" is used in rules other than 41 to refer to the Supreme Court of the State of Alabama. *See, e.g.,* Ala. R.App. P. 39(g). This is true even in a rule in which the preliminary paragraph distinguishes between federal courts and the Supreme Court of Alabama, and then goes on to refer to the Supreme Court of Alabama in the subsections as the "Supreme Court." *See* Ala. R.App. P. 18.

The Court of Criminal Appeals had interpreted Rule 41 to refer to the Alabama Supreme Court in cases decided before the Petitioner's Rule 32 petition was filed. In *Flanagan v. State,* 577 So.2d 559 (Ala. Crim.App.1990), the court determined that

the statute of limitations for the collateral petition began to run when the "Alabama Supreme Court quashed certiorari ...." *Id.* at 560. In *Mims v. State,* 650 So.2d 619 (Ala.Crim.App.1994), the court stated that it is not the denial of certiorari by the Alabama Supreme Court which begins the running of the statute of limitations, but the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals, which in that case were the same date. *Id.* at 620.

The Alabama Court of Criminal Appeals also has expressly held, in a case subsequent to the Petitioner's, that a case becomes final for purposes of the statute of limitations for a Rule 32 proceeding upon the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals. *See Wright v. State,* 766 So.2d 213 (Ala.Crim.App.2000).

The Petitioner has made several arguments as to why Alabama's rule is not the best rule, or why the rule does not comport with principles of "finality" as defined in other contexts. This court's function, however, is to determine whether the statute of limitations applied by the state court was firmly established and regularly followed. Based on this court's review of the case law discussed above, the court must conclude that the rule applied in the state courts was firmly established and regularly followed.

The Petitioner has also argued that the rule as applied to the Petitioner was a new one, and so its retroactive application could not constitute an adequate and independent state law ground for denying the Petitioner federal habeas review. Although the Petitioner does not make this argument clear, it appears to stem from his citation of a series of Alabama Court of Criminal Appeals decisions, the last one of which overrules determinations made in the previous three. *See* Petitioner's Mem-

orandum of Law, page 7 (citing *Grant v. State,* 565 So.2d 696, 697 (Ala.Crim.App. 1990); *Hart v. State,* 547 So.2d 1195 (Ala. Crim.App.1989); *Gibson v. State,* 547 So.2d 1196 (Ala.Crim.App.1989); *Barnes v. State,* 621 So.2d 329 (Ala.Crim.App.1992)).

The *Barnes* decision states that based on the plain language of Rule 32, the court will no longer follow *Grant, Hart,* and *Gibson,* which held that a petition for post-conviction relief filed during the pendency of a direct appeal is properly dismissed. *Barnes,* 621 So.2d at 333. The Alabama Court of Criminal Appeals held instead that the clear intent of Rule 32 is that a petition can be filed while a direct appeal is pending. *Id.* An argument could be made, therefore, that prior to *Barnes,* a petitioner could not file his Rule 32 petition until his direct appeal was final. While *Barnes* changed this rule, this change begs the question presented in this case which is when the direct appeal becomes final for Rule 32 purposes. That is, even though *Barnes* changed the law so that a collateral petition could be filed pursuant to Rule 32 even if a state case were still pending, that change had no effect on any rules governing the point at which a state case is deemed final, for Rule 32 purposes.

Furthermore, the *Grant* and *Hart* and *Gibson* decisions do not specify when the direct appeal would be final. They only state that the cases were still pending before an appellate court. *Grant,* 565 So.2d at 696; *Hart,* 547 So.2d at 1196; *Gibson,* 547 So.2d at 1196. Also, although it may not be particularly significant, these cases relied on an interpretation of the old *error coram nobis* writ in applying Temporary Alabama Rule of Criminal Procedure 20, not Rule 32.

This court's review of the Alabama case law on this issue indicates that there may have been some confusion until *Barnes* as to whether a Rule 32 petition could be filed while a case was still pending before the Alabama Supreme Court on direct appeal. The court is, however, aware of no cases holding that a collateral petition could not be filed while a case was pending before the United States Supreme Court on direct appeal. In fact, as discussed above, both the plain language of Alabama Rules of Appellate Procedure 41, and cases applying it, indicated that Rule 41 referred to the Alabama Supreme Court, not the United States Supreme Court, in stating that a certificate of judgment is stayed until final disposition by the Supreme Court. Therefore, this court must conclude that while there may have been some inconsistency, or at least a change in application, with regard to the rule that a petition could not be filed while a case was pending, the rule that the statute of limitations runs from the issuance of the certificate of judgment by the Alabama Court of Criminal Appeals, pending a stay of the proceedings until final disposition by the Alabama Supreme Court, was a firmly established and regularly followed rule, and was not a new rule retroactively applied.

The Petitioner also argues that Alabama courts ignored Alabama law that an affirmative defense, such as a statute of limitations defense, cannot be honored if it is not raised in a timely manner. It is undisputed that the State did not raise the statute of limitations at the outset of the Petitioner's Rule 32 proceeding. The State only raised this defense in an amendment to the Answer, which was allowed by the Rule 32 court after the Petitioner was allowed to amend his petition.

The Petitioner cites to *Howard v. State,* 616 So.2d 398 (Ala.Crim.App.1993) and *Jackson v. State,* 612 So.2d 1356, 1357 (Ala.Crim.App.1992), to support the argument that the Rule 32 court was in error to allow the amendment to the Answer. In *Howard,* the appellate court did not

consider the statute of limitations defense where the State failed to raise the issue of the statute of limitations until the case was on appeal. 616 So.2d at 398–99. In *Jackson*, the court declined to decide whether the State had waived the statute of limitations defense by failing to raise it until the conclusion of the evidentiary hearing because the circuit court had decided the claims on the merits. 612 So.2d at 1357. Neither of these cases establish that Alabama courts have declined to allow an affirmative defense to be raised in an amended Answer to a Rule 32 petition.

The Court of Criminal Appeals has subsequently overruled the rule in *Howard* that the statute of limitations is an affirmative defense that must be affirmatively pleaded. *See Williams v. State*, 783 So.2d 135, 137 (Ala.Crim.App.2000). In overruling *Howard*, the Court of Criminal Appeals relied in part on the determination of this Petitioner's case in *Siebert*, noting that the court had stated in *Siebert* that the statute of limitations could be raised by the Rule 32 court without any response from the State. *Williams*, 783 So.2d at 136–37 (citing *Siebert*, 778 So.2d at 847). The statute of limitations had also been identified as being jurisdictional before the *Siebert* decision. *See Hines v. State*, 516 So.2d 937 (Ala.Crim.App.1987).

The court notes that it is important at this point to differentiate between the basis of the Rule 32 court's decision, and the basis, and alternate basis, of the appeals court. Only the Alabama Court of Criminal Appeals' alternate holding, that is that the statute of limitations in Rule 32 was jurisdictional, presents some question of inconsistency. *Siebert*, 778 So.2d at 847. The Rule 32 court determined that the claims were time-barred, and that the defense of the statute of limitations was properly raised by an amended Answer which related back to the filing of the original Answer. The fact that the trial

court found it necessary to apply a relation back doctrine indicates that the trial court did not view the statute of limitations as a jurisdictional bar, although the court did not expressly make a determination of whether the statute of limitations was jurisdictional or not. This determination was consistent with some Alabama law, but was inconsistent with the express holdings of earlier cases and with the Alabama Court of Criminal Appeals' subsequent clarification that the statute of limitations is a jurisdictional bar. The fact remains, however, that the basis of the Rule 32 court's decision was the relation back doctrine. The case law that the Petitioner relies upon precluded assertion of a statute of limitations defense raised for the first time on appeal. These cases do not speak to the situation in which the statute of limitations is deemed to have been raised at the time the Answer was filed.

This court is aware of at least one civil case in which an amendment to an answer was allowed to add the statute of limitations defense. *See Baker v. McCormeck*, 511 So.2d 170, 171 (Ala.1987) (allowing statute of limitations to be added over a year after filing of plaintiff's claim). While not a Rule 32 case, this case does demonstrate that the statute of limitations can be added as a defense in an amendment to an answer, and this court has been pointed to no case establishing that the application of the relation back doctrine in the context of a Rule 32 petition was not firmly established and regularly followed. Accordingly, this court must conclude that the trial court's determination that the statute of limitations could be raised, and ultimately that the Rule 32 petition was time-barred, is entitled to deference, even though the relation back doctrine was unnecessary to reach that result. Moreover, even in the absence of deference, because the statute of limitations in Rule 32 has been determined by Alabama courts to be jurisdic-

tional, the trial court correctly determined that the Rule 32 petition was time-barred.

C. Petitioner's Argument That Alabama's Application of Rule 32's Two-year Statue of Limitations Is Also Inadequate to Preclude Federal Habeas Review Because the Procedural Bar Has Not Been Consistently Applied.

As has been previously indicated, only where the state law statute of limitations rule is not firmly established and regularly followed would that rule not be entitled to deference. *Webster,* 199 F.3d at 1259 n4.

According to the Petitioner, in two separate cases, Alabama courts have addressed claims on the merits which were asserted in Rule 32 petitions outside of the two-year statute of limitations deadline. *See Callahan v. State,* 767 So.2d 380 (Ala.Crim.App. 1999), *aff'd Ex parte Callahan,* 767 So.2d 405 (Ala.2000); *Jones v. State,* 753 So.2d 1174 (Ala.Crim.App.1999). While it appears from the dates recited in those opinions that the Rule 32 petitions were time-barred, there is no indication in the opinions that the issue was raised or that the Alabama Court of Criminal Appeals considered the issue of the timeliness of the petitions. There is no discussion of the timeliness in those opinions. *See id.*

The State has cited this court to cases in support of its position that Alabama courts consistently enforce the statute of limitations. Some of these cases were decided after the Petitioner's case. *See e.g., Ex parte State,* No. CR–00–2567, 2001 WL 1388748, at *5, —— So.2d ——, —— (Ala. Crim.App. Nov.9, 2001). Other cases applying the statute of limitations to a collateral petition, however, were decided before the Petitioner's Rule 32 petition was ruled on by the Rule 32 court. *See, e.g., Sumlin v. State,* 710 So.2d 941 (Ala.Crim.App. 1998); *Johnson v. State,* 722 So.2d 799 (Ala.Crim.App.1998); *Kaska v. State,* 709 So.2d 500 (Ala.Crim.App.1997); *Hill v. State,* 695 So.2d 1223 (Ala.Crim.App.1997); *Martin v. State,* 687 So.2d 1253 (Ala.Crim. App.1996); *Johnson v. State,* 675 So.2d 85 (Ala.Crim.App.1995); *Reed v. State,* 649 So.2d 1303 (Ala.Crim.App.1994); *Winstid v. State,* 654 So.2d 47 (Ala.Crim.App.1993); *Pressey v. State,* 597 So.2d 1385 (Ala.Crim. App.1992). These cases demonstrate that the statute of limitations has been applied in collateral proceedings. Although most of the cases do not discuss whether the statute of limitations defense was expressly raised by the State, the court is not aware of any cases in which Alabama courts declined to enforce the statute of limitations where the defense was expressly raised as to claims to which the statute of limitations applied.

The Supreme Court has indicated that there must be more than a few inconsistencies for a federal court not to give a state rule deference. *See Dugger v. Adams,* 489 U.S. 401, 410 n. 6, 109 S.Ct. 1211, 103 L.Ed.2d 435 (1989) (vast majority of Florida cases apply procedural rule consistently) and *Johnson v. Mississippi,* 486 U.S. 578, 587, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988) (vast majority of Mississippi law does not apply procedural bar). In *Dugger,* there were cases that did not apply the procedural rule, but the Supreme Court found that for the most part the Florida Supreme Court had "faithfully applied its rule...." *Dugger,* 489 U.S. at 410 n. 6, 109 S.Ct. 1211. The Court found it significant that in the cases cited by the petitioner as failing to apply the procedural rule, the state courts' opinions did not mention the precise claim that was being raised in the case before the Court. *Id.* In *Johnson,* the court found it significant that the state court had reached an opposite conclusion in cases expressly addressing the proper way to raise the claim at issue. *Johnson,* 486 U.S. at 588, 108 S.Ct. 1981.

The case law cited in this case includes two cases which do not apply the statute of limitations, but which do not state that the issue of the statute of limitations had been raised, and multiple cases which do apply the statute of limitations, both before and after the Petitioner's case. This court cannot conclude, therefore, that the Petitioner has sufficiently demonstrated that the procedural rule is not consistently applied under the standard applied in *Dugger*.

### D. Equitable Tolling

 The Petitioner presents no express argument for equitable tolling in this case, perhaps because the Petitioner acknowledges that equitable tolling has a very high standard. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir.2001) (equitable tolling is permitted when a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence). "An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir.2000).

The Petitioner has made an argument which could be construed as an equitable tolling argument. He has stated that he could not have known when a certificate of judgment was issued by the Court of Criminal Appeals because the certificate of judgment is sent to the circuit court, and not to the prison holding the Petitioner. The State also construes the Petitioner's statements that the State initially conceded that he was entitled to an evidentiary hearing before the Rule 32 court as an argument for equitable tolling. The State argues, however, that if there was any confusion, it had been dispelled at the time that the trial court denied the petition on the grounds that it was time-barred, but that the Petitioner did not file his petition within a year of that determination.

This court must agree that the facts pointed to by the Petitioner do not establish a basis for equitable tolling. Had the Petitioner immediately filed his petition upon learning of the certificate of judgment or disposition by the Alabama Supreme Court, or if he had immediately filed upon learning that there was an issue of his petition being time-barred, a different situation might be presented. The procedural history of this case, however, demonstrates that the Petitioner's Rule 32 proceeding was time-barred because of his mistaken interpretation of the plain language of Alabama Rule of Criminal Procedure 32, when applied with Alabama Rule of Appellate Procedure 41. That is, the Petitioner clearly counted two years from the denial of certiorari by the United States Supreme Court, and was not looking to the certificate of judgment, nor was he relying on the State's supposed waiver of a statute of limitations defense, in determining when to file his federal habeas corpus petition.

## IV. CONCLUSION

The Petitioner's Rule 32 petition was held to be untimely by the courts of Alabama. State court decisions are to be given due deference unless the rules are not clear, or are inconsistently applied. The Petitioner has failed to establish sufficiently that the rule was not well-established or regularly followed. Therefore, the "time limits upon delivery" were not satisfied by the Petitioner's Rule 32 petition, and the Petitioner had no "properly filed" application to toll the statute of limitations in § 2244(d). Accordingly, the Motion to Dismiss is due to be GRANTED. A separate Order will be entered in accordance with this Memorandum Opinion.

## ORDER

In accordance with the Memorandum Opinion entered on this date, it is hereby ORDERED that the Motion to Dismiss

(Doc. # 8) is GRANTED. The Petition for Writ of Habeas Corpus is DISMISSED.